Gustin Brownlee
(Name)

73693
(Institution Register No.)

El Dorado, Kansas 67042
(Current Mailing Address)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Gustin Brownlee, Plaintiff
(Full and Correct Name)

CASE NO. 20-3122-SAC
(To be supplied by the Clerk)

vs.

(1) Warden Sam Cline — individual capacity, official capacity
, Defendants

CIVIL RIGHTS COMPLAINT
PURSUANT TO 28 U.S.C. 1331

Demand For Trial By Jury

### A. JURISDICTION

1) Gustin Brownlee, is a resident of the State of Kansas
   (Plaintiff)                                (State of residency prior to incarceration)

who presently located at El Dorado Correctional Facility
(Mailing address or place of confinement)

2) Defendant Warden Sam Cline is a resident of
   (Name of first defendant)

the State of Kansas, and is employed as
(City, State)

Warden of El Dorado Correctional Facility, and may be
(Position and title, if any)

located at P.O. Box 311, El Dorado, KS 67042. At the time the claim(s) alleged
(Address for service of process)

in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐

If your answer is "Yes", briefly explain: Sam Cline is the Acting Warden of El Dorado Correctional Facility

XE-2 (F)          CIVIL RIGHTS COMPLAINT (28 U.S.C. §1331)

1

Additional Defendant(s)

(2) SST Brett Corby - Individul Capacity & Official Capacity

(3) SST Eyman Dowling - Individul Capacity & Official Capacity

(4) SST Alex McCollough - Individual Capacity & Official Capacity

1-A

(4) Defendant Eyman Dowling is a resident of the State of Kansas, and is employed as security at El Dorado Correctional Facility, and may be located at P.O. Box 311, El Dorado, Kansas 67042.

At the time the claims alleged in this complaint arose this defendant was acting under the color of state law, as security at El Dorado Correctional Facility.

(5) Defendant Alex McCollough is a resident of the State of Kansas, and is employed as security at El Dorado Correctional Facility, and may be located at P.O. Box 311, El Dorado, Kansas 67042.

At the time the claims alleged in this complaint arose this defendant was acting under the color of state law, as security at El Dorado Correctional Facility.

2-A

3) Defendant **SST BRETT CORBY** is a resident of
   (Name of first defendant)

**THE STATE OF KANSAS**, and is employed as
   (City, state)

**SECURITY AT ELDORADO CORRECTIONAL FACILITY**, and may be located at
   (Position and title, if any)

**P.O. BOX 311, ELDORADO, KANSAS 67042**. At the time the
   (Address for service of process)

claim (s) alleged in this complaint arose was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:

**BRETT CORBY WAS ACTING AS SECURITY AT ELDORADO CORRECTIONAL FACILITY**

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1331(3). (If you wish to assert jurisdiction under different or additional statuses, you may list them below.)

**42 U.S.C. Section 1981 And 42 U.S.C. Section 1983**

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

ON MAY 23, 2018 plaintiff Gustin Brownlee was being transported to a Doctor visit in Whicita, Kansas by SST Brett Corby And SST Eyman Dowling in a STATE OWNED Security transport van. The three occupants of the van were involved in a five vehicle collision, At the 2900 Block of West Central Avenue in El Dorado, Kansas. As a result of this collision plaintiff

B. NATURE OF CASE (cont)

injury his back and was denied proper medical care, treatment, and assistance by SST Officer Corby and SST Officer Dowling.

SST Officer Dowling the driver of the security was observed by plaintiff looking at his cellphone, not paying attention to the oncoming traffic and failed to stop in adequate time to avoid the collision and negligently drove the State Van into the vehicle driven by JENNIFER MARIE DUTTON.

Plaintiff was transported back ELDORADO Correctional Facility. Upon arriving at the Emergency Entrance of the infirmary plaintiff was met by various staff and officers. Plaintiff made known to all that he was injured unable to walk and needed medical assistance in order to exit the vehicle. The staff and officers mocked and laughed at plaintiff in total disregard to plaintiff pleas for medical assistance. At which time Correctional Officer Alex McCollough forcefully and maliciously grabbed and drug plaintiff out of the security van. Causing further pain to plaintiffs

2-B

## B. NATURE OF CASE (CONT)

back as well as causing pain and bruising to plaintiff's head, legs, and arms. Plaintiff was denied proper medical care and treatment.

As a direct and proximate result of SST Officer Dowling and SST Officer Corby's negligence and Correctional Officer Alex McCollough's inhuman actions against plaintiff, plaintiff injured his back, and other bodily parts, received other physical injuries, suffered mental and phyiscal pain and suffering, was retaliated against, incurred medical expensas, lost income, and will incur further medical expenses and lost income in the future.

2-B(cont)

## C. CAUSE OF ACTION

1) I allege that my claims arise under the following constitutional provisions or laws of the United States and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8 1/2" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: <u>The Actions of defendant's Cline, Corby, Dowling and McCollough violated plaintiff's Right to due process of the law under the Fourteenth Amendment to the United States Constitution.</u>

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

<u>On May 23, 2018 I was being transported to a Doctors by two K.D.O.C staff members SST Brett Corby and SST Eyman Dowling when we became involved in a</u>

B) (1) Count II: <u>The Actions of defendant's Cline, Corby, Dowling and McCollough violated plaintiff's Rights prohibiting cruel and unusual punishment under the Eight Amendment to the United States Constitution. EXCESSIVE FORCE</u>

(2) Supporting Facts: <u>On May 23, 2018 I was being transported to a Doctor by two K.D.O.C. staff members SST Brett Corby and SST Eyman Dowling when we were involved in a five vehicle crash. As a direct</u>

C) (1) Count III: <u>The Actions of defendant's Cline, Corby, Dowling and McCollough violated plaintiff's Right to be free from Retaliation</u>


## Count I

1. Supporting Facts (cont)

five vehicle crash while traveling on the 2900 Block West Central Avenue, El Dorado, Kansas. As a result of this collision I suffered a severe back injury as well as various other bruises, scraps, and cuts. While at the site of the collision I made numerous requests to SST officer Corby and SST officer Dowling that I needed medical assistance and that I wanted to be treated by the responding emergency medical personal, but was refused by both officer's. Both SST officer's were made aware of my injuries due to my repeated requests for medical assistance. SST officer Corby and SST officer Dowling both laughed at me and mocked me for my repeated requests for medical assistance. I was in tremdous pain and my health began to deteriorate. Warden Cline, SST officer Corby and SST officer who were all aware of my situation were all deliberately indifferent to my medical needs and rights. The failure to provide me with basic emergency care after being involved in a five vehicle

3-A

Count I

2. Supporting Facts (cont)

Collision served no penological interest. The defendant's failure to provide medical assistance or treatment amounted to torture and was cruel and unusual punishment within the meaning of the Eight Amendment, and there is no legitimate justification that can be made or assumed by the defendants for exposing this plaintiff to such conditions that were inhumane and a deprivation of the minimal civilized measure of medical treatment. The defendants were aware that their inactions created a substantial risk of harm to my health and safety, yet they continued to act with deliberate indifference and reckless disregard to the mentioned risk of harm. Furthermore, this situation imposed an atypical and significant hardship on my person in relation to the ordinary incidents of prison life. I had a liberty interest in receiving medical care, treatment, and assistance after being involved in a five vehicle collision. I have not broken any prison rules nor was I accused of any rule infraction or violation to further justify the denial of any basic medical care without due process.

3-B

## Count II

2. Supporting Facts (cont)

Result of the vehicle collision I injured my back, neck, shoulder, and other bodily parts. This injury has imposed an atypical and significant hardship on my body as I had a liberty interest in not being denied medical attention and assistance at the site of the collision and at El Dorado Correctional Facility. There was no logical reason for SST Officer Brett Corby and Eyman Dowling to deny me medical attention and assistance as I immediately made them aware of my injuries at the site of the collision. The medical staff and K.D.O.C. staff was made aware of my of my injuries upon arriving back at El Dorado Correctional Facility. These officers and staff members laughed at me, mocked me, and completely downplayed the seriousness of my injuries as a result of sustaining a severe back injury while I was handcuffed and shackled in the rear of the state security transport van. All the defendants were deliberately indifferent to my Due Process rights and acted with a culpable state of mind in denying human basic medical assistance and treatment, while fully aware and knowing that I faced and suffered substantial pain and ache, yet chose to fully disregard

3-C

## Count II

2. Supporting Facts (Cont)

ME MEDICAL TREATMENT And ASSISTANCE. The Eight Amendment to the United States Constitution prohibts CRUEL And UNUSUAL punishment And Applies to the STATE of KANSAS through the Due process clause of the Fourteenth Amendment.

3-D

under the First Amendment to the United States Constitution.

(2) Supporting Facts: After I filed an Informal Resolution, Grievance, and property claim, and grievance appeal in accordance with Kansas Department of Corrections policy and PLRA requirement to bringing forth

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☒ . If your answer is "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    a) Parties to previous lawsuit:

       Plaintiffs: _____

       Defendants: _____

    b) Name of court and docket number _____

    c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

    d) Issues raised _____

    e) Approximate date of filing lawsuit _____

    f) Approximate date of disposition _____

4

XE-2 (F)             CIVIL RIGHTS COMPLAINT (28 U.S.C. §1331)

Count III

2. Supporting Facts (Cont)

this civil action, this plaintiff was and continued to be retaliated against for using the prison grievance procedure and was denied any access to assistance from K.D.O.C staff members for any further grievance procedures in an effort to appeal or make further known to the Secretary and Director of Kansas State Prisons, the final stage of the Grievance and Appeal process to satisfy the PLRA grievance, administrative exhaustion requirement. This plaintiff in a good faith effort attempted to follow all inmate grievance procedures in an attempt to make known and aware to all defendant's and K.D.O.C staff members of the severity of my injuries and denial of proper medical treatment and assistance. This retaliation effort by all defendant's was an attempt to prevent me from concluding the administrative remedies requirement to bring forth civil action regarding the violations of my 14th Amendment and 8th Amendment legal claims against defendant's Warden Sam Cline, SST Officer Brett Corby SST Officer Eyman Dowling, and Officer Alex McCollough.

3-E

## Count III

2. Supporting Facts (cont)

I additional made numerous requests to K.D.O.C staff members in an attempt to complete the grievance procedures, but each attempt was met with various excuses and deliberate indifference to my situation and medical needs. Plaintiff has followed all the rules of the Grievance Policy in its entirety, I exhausted all administrative remedies. Attempts to address this "retaliation" claim through administrative remedies, were blocked by K.D.O.C staff members. Therefore, administrative remedies are exhausted.

4-A

## E.  ADMINISTRATIVE RELIEF

1) Have you presented all grounds for relief raised in this complaint by way of BP-9, BP-10, and BP-11 grievances? Yes ☐ No ☒.

2) If your answer to (1) is "Yes", state the date of disposition, result and reasons given for the administrative decision __N/A__

3) If your answer to (1) is "No", list each ground not fully presented through the administrative grievance process and explain why it was not __Plaintiff fully exhausted the Administrative grievance process in Accordance to law in the State of Kansas.__

4) Describe all other procedures you have used (such as tort claim or Parole Commission administrative appeals procedures) to exhaust administrative remedies as to each issue raised. __Plaintiff used Administrative Remedies As Required by the Rules And policies of the State of Kansas.__

## F.  REQUEST FOR RELIEF

5) I believe that I am entitled to the following relief: __I Am seeking Monetary Reward From Each defendant in the Amount of $250,000 in punitive damages for their official individual deliberate indifference to my Rights. I Am seeking Compensatory damages for my mental And emotional injury, pain And suffering from each defendant in the Amount of $250,000. I Am seeking Nominal damages Legal Fees, filing Fees, And other Relief As it Appears plaintiff is Entitled__

_____        _Kustin Brownder_ (Signature of Petitioner)
Signature of Attorney (if any)        Signature of Petitioner

_____        _[signature]_  4-28-2020
                                 NOTARY PUBLIC - State of Kansas
                                 KIRBIE SHEARBURN
                                 My Appt Expires 3-1-2022
(Attorney's full address and telephone number)

5

XE-2 (F)        CIVIL RIGHTS COMPLAINT (28 U.S.C. §1331)

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except those matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Excuted at El Dorado Correctional Facility on 28th April, 2020.

Gustin C Brownlee
/s/ Gustin Brownlee

/s/ Kirbie Shearburn  4-28-2020
NOTARY PUBLIC - State of Kansas
KIRBIE SHEARBURN
My Appt Expires 3-1-2022