**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**GUSTIN C. BROWNLEE,**

                        **Plaintiff,**

        v.                                                           CASE NO. 20-3122-SAC

**SAM CLINE, et al.,**

                        **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and in forma pauperis.

**Nature of the Complaint**

At all relevant times, plaintiff was a prisoner in the custody of the Kansas Department of Corrections and incarcerated at the El Dorado Correctional Facility (EDCF). Plaintiff names four defendants: Warden Sam Cline and Brett Corby, Eyman Dowling, and Alex McCullough, all security officers at the EDCF. The complaint states that on May 23, 2018, plaintiff was a passenger in a security transport van operated by defendants Corby and Dowling. The van was involved in a multi-vehicle accident in El Dorado, Kansas. Plaintiff claims he injured his back in the collision but was not given medical attention at the accident site. Instead, another van from the EDCF was sent to pick him up. He was returned to the EDCF. He states that when he told personnel there he could not walk or exit the van, he was forcibly removed from it by defendant McCullough.

Plaintiff then was examined by a physician at the EDCF and held in the facility infirmary. The complaint alleges due process violations, retaliation, and cruel and unusual punishment. Plaintiff

seeks damages.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id.* However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id.* at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

### Discussion

The court's review of the complaint has identified certain deficiencies.

First, the complaint fails to identify any personal participation by defendant Cline. A plaintiff in an action under § 1983 must show the personal participation of each defendant, and bare allegations are insufficient to meet this showing. *Id.*; *see also Foote*

*v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). An individual cannot be held liable under § 1983 on the basis of supervisory status. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). Rather, to present a claim against a governmental official for conduct related to supervisory authority, a plaintiff must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 615 F.3d 1185, 1198 (10th Cir. 2010)(quoting *Ashcroft v. Iqbal*, 556 U.S. at 677). Therefore, defendant Cline is subject to dismissal from this action.

Next, the claims against defendants Corby and Dowling for their involvement in the van accident sound in negligence. Claims under § 1983 may not be based on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *see also Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability").

Plaintiff's claim of the denial of constitutionally adequate medical care immediately following the collision implicates the Eighth Amendment obligation to provide prisoners with medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976)(prison authorities must provide medical care to those in their custody). The failure to provide medical care violates the Eighth Amendment when it is based on

"deliberate indifference to serious medical needs of prisoners." *Id*. at 104.

A claim of deliberate indifference concerning the provision of medical care has both objective and subjective components. *Estate of Booker v. Gomez*, 745 F.3d 405, 430 (10th Cir. 2014) (citation omitted). The objective component is met when the prisoner's medical need is "'sufficiently serious'" when it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The subjective component is met when the prisoner shows evidence that a defendant acted with a "culpable state of mind," and shows that the defendant "official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* (citations omitted).

Plaintiff does not allege that he was denied medical care; rather, he appears to claim that he did not receive medical attention as quickly as he requested it. A delay in providing medical care may support a claim for relief under certain circumstances, but such a "[d]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm." *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001)(quoting *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)). "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 105-06 (internal quotation marks omitted). Instead, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff has not provided factual allegations that suggest that the delay in returning him to the EDCF for medical review was unreasonable or that he sustained substantial harm as a result of the decision to provide evaluation and treatment at the EDCF. It does not appear that the decision on where to provide treatment was made by either defendant Corby or Dowling; a grievance plaintiff prepared on May 28, 2018, states that after he requested medical care, defendant Corby made a telephone call and then advised plaintiff that he was not to be evaluated at the collision scene or the hospital and that another van would be arriving to return him to the prison (Doc. 1-1, p. 11). Therefore, the claims against defendants Corby and Dowling are subject to dismissal.

Next, plaintiff's claim against defendant McCullough essentially alleges the use of excessive force in removing him from the transport van. A prison guard's use of force is "cruel and unusual" only if it involves "the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Like a claim for inadequate medical care, an excessive force claim is analyzed under two components, first, an objective prong concerning whether the alleged force was objectively so egregious as to violate the Constitution, and second, a subjective prong that requires a showing that the officer acted with a culpable state of mind. *Giron v. Corr. Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999). The subjective prong requires a showing that the officer acted "'maliciously and sadistically for the very purpose of causing harm,' rather than 'in a good faith effort to maintain or restore discipline.'" *Redmond v. Crowther*, 882 F.3d 927, 936–37 (10th Cir. 2018) (quoting *Whitley v.*

*Albers*, 475 U.S. 312, 320-21 (1986)).

Here, the brief use of force to remove plaintiff from the van does not suggest that the use of force was objectively unreasonable or that defendant McCullough had malicious intent. Plaintiff had been moved recently from one transport van to another, and there is no suggestion that the use of force resulted in significant harm. Therefore, the claims against defendant McCullough also are subject to dismissal.

Finally, plaintiff alleges retaliation for his use of the grievance procedure. There are three components a retaliation claim under the First Amendment, namely, "(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1203 (10th Cir. 2007). The plaintiff also must present facts showing that "but for the retaliatory motive," the actions "would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). "[A]n inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Id.*

Plaintiff's claims on this point are difficult to understand. He appears to claim that all of the defendants were uncooperative, but he also states that he fully exhausted his administrative remedies, and he does not identify any particular acts or events that were retaliatory (Doc. 1-1, pp. 12-14). The court finds the complaint

does not state a claim of retaliation.

## Order to Show Cause

For the reasons set forth, the court finds that plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim for relief. Plaintiff is required to show good cause in writing why the complaint should not be dismissed; in the alternative, plaintiff may submit an amended complaint that cures the deficiencies noted in this order. The failure to file a timely response may result in the dismissal of this matter for the reasons stated without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **November 12, 2021,** to show cause why this matter should not be dismissed for the reasons discussed herein, or, in the alternative, to file an amended complaint.

**IT IS SO ORDERED.**

DATED:  This 12th day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge