IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUSTIN C. BROWNLEE,

                              Plaintiff,

            v.                                    CASE NO. 20-3122-SAC

SAM CLINE, et al.,

                              Defendants.


MEMORANDUM AND ORDER


     This matter comes before the Court on Plaintiff's motions to
appoint counsel (Doc. 8 and 13), his motion for leave to appeal in
forma pauperis (IFP) (Doc. 12), and his "motion to alter or amend
the judgment/motion [to] file out of time" (Doc. 14).

     This matter is a civil rights action filed pursuant to 42
U.S.C. § 1983. Plaintiff filed his complaint on April 28, 2020,
after which he was granted leave to proceed IFP. (Doc. 1 and 3.) On
October 12, 2021, the Court issued a notice and order to show cause
(NOSC) in which the Court identified certain deficiencies that left
the complaint subject to dismissal for failure to state a claim for
relief. (Doc. 4.) The Court directed Plaintiff to file an amended
complaint or show cause on or before November 12, 2021 why the
complaint should not be dismissed and cautioned Plaintiff that
"[t]he failure to file a timely response may result in the dismissal
of this matter for the reasons stated without additional notice."
*Id.* at 8. Plaintiff did not timely file anything, so on November
16, 2021, the Court dismissed this matter for failure to state a
claim for relief. (Doc. 5.)

Two days later, Plaintiff filed a document titled "motion to show good cause in writing why my complaint should not be dismissed/to be construed as a motion for time extensions to amend/motion for appointment of counsel." (Doc. 7.) In that document, Plaintiff alleged additional facts and asked the Court for an additional "4 to 5 weeks" in which to file an amended complaint. *Id.* at 2. Plaintiff also filed a motion to appoint counsel. (Doc. 8.)

On November 23, 2021, five days after filing the motions described above, Plaintiff filed a notice of appeal. (Doc. 9.) On December 17, 2021, Plaintiff filed a second motion to appoint counsel (Doc. 13), a motion for leave to proceed IFP on appeal (Doc. 12), and a motion to alter or amend the judgment/motion to file out of time (Doc. 14). The Court will address each motion in turn.

**Motion for Leave to Appeal IFP (Doc. 12)**

The Prison Litigation Reform Act of 1995 provides that an indigent prisoner "'need not pay federal court filing fees in full prior to initiating an appeal'" if that prisoner has "not accumulated three strikes for actions or appeals that are dismissed for being frivolous, malicious, or failing to state a claim." *Shields v. Cline*, 829 Fed. Appx. 321, 323 (10th Cir. 2020) (quoting *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011)). Plaintiff had not accumulated three strikes prior to these proceedings and he meets the indigency requirements, so the Court will grant the motion for leave to proceed IFP on appeal.

**Motion to Alter or Amend the Judgment/Motion to File Out of Time (Doc. 14)[1]**

---

[1] When Plaintiff submitted to prison staff his motion to alter or amend, which

**Analysis**

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or (60)." D. Kan. Rule 7.3(a). The Court may grant a motion under Rule 59(e) only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). Under Rule 60(b), the Court may order relief from a final judgment only in exceptional circumstances. See *id.* at 1009.

In the motion to alter or amend the judgment, Plaintiff asserts that on November 12, 2021, he gave to prison staff his "motion to show good cause in writing why my complaint should not be dismissed/to be construed as a motion for time extensions to amend/motion for appointment of counsel." (Doc. 14.) Plaintiff has also filed with this Court a notarized statement swearing under penalty of perjury that he gave the responsive document to prison staff on November 12, 2021. (Doc. 15.) He asks that the Court apply the "prison mail box rule" to the filing.

Under the prison mailbox rule, "an inmate who places a [document] in the prison's internal mail system will be treated as

---

he attests occurred on November 23, 2021, it was deemed filed under the prison mailbox rule. The timely filing of the motion to alter or amend suspended the effect of the notice of appeal from the judgment Plaintiff had already filed. *See* Federal Rule of Appellate Procedure 4(a)(4) and the Advisory Committee Note for the 1993 Amendment to that Rule ("notice [of appeal] filed before the filing of [a timely motion to alter or amend] . . . is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.")

having 'filed' that complaint on the date it is given to prison authorities for mailing to the court." *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005)(applying rule to § 1983 complaints); *see also Houston v. Lack*, 487 U.S. 266, 276 (1988) (applying rule to pro se prisoners' notice of appeal). The Tenth Circuit has applied the prison mailbox rule to a prisoner's response to defendants' motion to dismiss. *See Tijerina v. Patterson*, 446 Fed. Appx. 961 (10th Cir. 2011).

Although Plaintiff delivered the relevant document to prison staff for e-filing instead of depositing the document into a more traditional legal mail system, the Court concludes that the prison mailbox rule nevertheless applies. Plaintiff's response to the Court's show-cause order and motion for additional time to file an amended complaint are deemed filed on the day Plaintiff swears he gave them to prison staff for e-filing—November 12, 2021. Accordingly, they were filed before expiration of the deadline set by the court for responding. In light of this new information, the Court has reconsidered its decision to dismiss this matter, which was based on Plaintiff's perceived failure to timely respond to the Court's previous order. The Court concludes that, construing the motion as seeking relief under Rule 59(e), it should grant the motion to correct clear error. *See Servants of the Paraclete*, 294 F.3d at 1012.

Accordingly, the Court will grant Petitioner's motion to alter or amend the judgment/motion to file out of time. (Doc. 14.) The Court will vacate its prior order of dismissal and judgment (Doc. 5 and 6) and will direct the clerk to reopen the case. Plaintiff will be granted additional time in which to file a complete and

proper amended complaint on court-approved forms, which the Court will direct the clerk to provide to Plaintiff.

Plaintiff should be aware that the amended complaint will not be a supplement to the original complaint; instead, an amended complaint completely replaces the original complaint. Therefore, once the amended complaint is filed, any claims or allegations not included in the amended complaint will no longer be before the court. Plaintiff may not simply refer to an earlier pleading. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from his previous complaint.

Plaintiff must write the number of this case (20-3122) at the top of the first page of his amended complaint. He must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10. He must also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the specific unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show that each defendant committed a federal constitutional violation. Once the Court receives the amended complaint, it will conduct an initial screening.

**Motions to Appoint Counsel (Doc. 8 and 13)**

As Plaintiff acknowledges, there is no constitutional right to appointment of counsel in a civil case; rather, the decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). "The burden is on the applicant to convince the court that there is

sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beechman Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would . . . assist[ the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). Plaintiff asserts in his motions to appoint counsel that (1) he cannot afford counsel; (2) his imprisonment will greatly limit his ability to effectively litigate his claims, due to his lack of access to a law library and inability to investigate; (3) appointed counsel would help with legal research, knowledge of the law, and potential eventual presentation of evidence and cross-examination of witnesses; (4) Plaintiff's repeated and documented efforts to obtain counsel have been unsuccessful. (Doc. 8 and 13.)

The Court has carefully examined Plaintiff's motions and concludes that appointment of counsel is not warranted at this time. Plaintiff has not yet asserted a colorable claim against a named defendant and he has sought permission to file an amended complaint, which could alter the nature of the claims in this matter. Moreover, Plaintiff appears capable of adequately presenting facts and arguments sufficiently for the purposes of initial screening. The

Court therefore will deny the motions to appoint counsel without prejudice and Plaintiff may move for appointment of counsel if his amended complaint survives screening.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Plaintiff's motion to alter or amend the judgment/to file out of time (Doc. 14) is **granted.** The order of dismissal and judgment is vacated and the clerk is directed to reopen the matter. Plaintiff is granted to and until April 15, 2022, to file a complete and proper amended complaint on a court-approved form, which the clerk is directed to send him.  If Plaintiff fails to timely file an amended complaint, this matter may be dismissed without additional prior notice to Plaintiff. Plaintiff's motions to appoint counsel (Doc. 8 and 13) are **denied without prejudice.** Plaintiff's motion for leave to proceed IFP on appeal (Doc. 12) is **granted.**

**IT IS SO ORDERED.**

DATED:  This 16th day of February, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge