IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUSTIN C. BROWNLEE,

        Plaintiff,

    vs.                                Case No. 20-3122-SAC

EYMAN DOWLING, et al.,

        Defendants.

MEMORANDUM AND ORDER

The plaintiff Gustin C. Brownlee ("Brownlee"), an inmate at El Dorado Correctional Facility ("EDCF"), filed *pro se* a civil rights complaint seeking relief pursuant to 42 U.S.C. § 1983. ECF# 1. His complaint was screened, and he was ordered to show cause why his action should not be dismissed for all the reasons stated in the order. ECF# 4. When the period given for a response expired without a filing from Brownlee, the court dismissed the action. ECF# 5. Brownlee subsequently filed a response, a notice of appeal, and a motion to alter and amend. ECF## 7, 9, and 14. At the Tenth Circuit's direction, the district court took up these later filings, vacated its prior order of dismissal (ECF# 5), reopened the case, and granted Brownlee additional time to file a complete and proper amended complaint on court-approved forms. ECF# 18. The Tenth Circuit entered its mandate dismissing the appeal for lack of prosecution. ECF# 20. Brownlee has filed his amended complaint, which supplants his original complaint, but is now subject to screening.

**SCREENING STANDARDS**

A court must screen prisoners' complaints which seek relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The screening court must dismiss the entire complaint or any part of it that, "is frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The plaintiff must allege the grounds for being entitled to relief, and this is "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted).

The same standard used for Fed. R. Civ. P. 12(b)(6) motions is used for § 1915 dismissals, and this includes the newer language and meaning taken from *Twombly* and its "plausibility" determination. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new

2

standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). The Tenth Circuit has made clear, "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

**AMENDED COMPLAINT (ECF# 21)**

It is alleged that on May 23, 2018, the defendants, EDCF Staff Officers, Eyman Dowling and Brett Corby, were transporting Brownlee in a EDCF transport van to a medical appointment in Wichita, Kansas, when the van operated by Dowling was involved in a five-vehicle collision in the 2900 block of West Central Avenue in El Dorado, Kansas. According to the police report attached to the plaintiff's amended complaint, the transport van's front end and engine were damaged when the van collided with the rear end of the vehicle in front of it. The van had to be towed from the scene. The police report also states, "The prisoner complained of injuries as a result of the accident, however, KDOC employees transported him back to EDCF to be examined." ECF# 21-1, p. 27.

The plaintiff claims to have sustained serious injuries to his back and neck from the collision. He does not allege how he was being restrained in his seat

when the collision occurred or how the forces generated by the collision injured his body. The plaintiff did not receive attention by emergency medical care personnel who were called to the scene of the accident. He did not receive medical treatment until after a second EDCF transport van arrived and took him back to the EDCF infirmary where he was evaluated and treated by medical staff. The plaintiff complains about the pain caused by the delay in treatment--that his pain was exacerbated and that he sustained more injuries from being forcibly removed first from the damaged van at the scene and removed later from the second transport van at the infirmary. The plaintiff alleges he was examined at the infirmary and told by the treating physician that his injuries were severe and needed immediate treatment requiring him to remain in the infirmary. The plaintiff also alleges the medical staff told the officers that Brownlee should have been taken to the hospital. According to the grievances attached to his complaint, the plaintiff was in the infirmary on May 30th and was using a walker and a wheelchair into the month of June.

In count one, the plaintiff asserts officers Dowling and Corby and an unknown staff #1 violated his rights under the Eighth and Fourteenth Amendment by denying and delaying proper medical treatment at the scene of the accident. The plaintiff alleges that he requested medical care from the emergency medical personnel at the scene but that Dowling and unknown staff #1 denied him this medical attention at the scene. Brownlee claims the denial of basic emergency care after the collision amounts to cruel and unusual punishment that created a substantial risk of harm to his health and safety. Brownlee alleges that Dowling laughed at him and mocked him for requesting medical assistance and disbelieved his claimed injuries and

so denied and delayed proper medical care. Under this count, the plaintiff also alleges Dowling was texting while driving and negligently failed to stop the EDCF van before the striking the car in front. The plaintiff further alleges that Corby observed Dowling texting and driving and negligently failed to stop Dowling.

In count two, the plaintiff asserts EDCF Officers Alex McCollough and Cathy Mitchell and unknown staff #2 violated his rights under the Eighth and Fourteenth Amendment by forcibly removing him from the wrecked EDCF security van at the scene. He alleges telling these staff officers of his injuries and need for medical assistance when they arrived. Despite this knowledge, McCollough and the unknown staff #2 forcefully grabbed and dragged him from the damaged van. When they arrived back at the EDCF infirmary, McCollough, Mitchell, and unknown staff requested the plaintiff to get out of the van. When he asked for help because of his injuries, the officers laughed at him. Officer McCollough then pulled him to the "floor of the van using excessive force" while he was handcuffed and shackled in the rear of the van. ECF# 21, p. 12. Brownlee alleges McCollough's actions caused him more pain and more injuries to his "already severe back injury and neck." *Id*. Brownlee asserts "Cathy Mitchell and unknown staff #2 failures to stop McCollough negligent actions make both of them negligent as well." ECF# 21, p. 12. The nurse and physician at EDCF were informed of what happened, and the physician examined Brownlee and placed him in the infirmary instead of sending him to his cell as the officers had suggested.

In count three, the plaintiff asserts EDCF Officers Richard Hoover and Jennell Buchanan, EDCF Warden Paul Snyder, Secretary of the Kansas Department of

Corrections ("KDOC") Joe Horwood, and KDOC Corrections Facility Manager Douglas Burris violated his due process rights under the Fourteenth Amendment in their handling of his information resolution grievance and property claim. Brownlee alleges that he attempted to complete his grievance procedures but that the defendants ignored his efforts or blocked them.

Brownlee requests as his relief compensatory damages and punitive damages against each defendant.

ANALYSIS

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). For a § 1983 claim, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id*. As the Supreme Court said back in 1987:

> Prison walls do not form a barrier separating prison inmates from the protections of the Constitution. Hence, for example, prisoners retain the constitutional right to petition the government for the redress of grievances, *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); they are protected against invidious racial discrimination by the Equal Protection Clause of the Fourteenth Amendment, *Lee v. Washington*, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968); and they enjoy the protections of due process, *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Because prisoners retain these rights, "[w]hen a prison regulation or practice offends a fundamental constitutional guarantee, federal courts will discharge their duty to protect constitutional rights." *Procunier v. Martinez*, 416 U.S., at 405–406, 94 S.Ct., at 1807–08.

*Turner v. Safley*, 482 U.S. 78, 84 (1987).

A viable § 1983 claim must show how each named defendant caused a violation of the plaintiff's constitutional rights. *Walker v. Mohiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020). "[A] complaint must make clear exactly who is alleged to have done what to whom." *Robbins v. State of Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). Conclusory allegations of involvement are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The Tenth Circuit has stated in various cases that an absence of specificity may bar a complaint from stating a plausible claim. In *Gee v. Pacheco*, 627 F.3d 1178, 1185 (10th Cir. 2010), the court remarked that "a prisoner claim will often not be plausible unless it recites facts that might well be unnecessary in other contexts." Also, the Tenth Circuit has warned that where, as here, the plaintiff names several individuals as defendants, "the complaint [must] make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. State of Oklahoma,* 519 F.3d at 1250. Further, the complaint must also demonstrate personal involvement on the part of each named defendant. *See Grimsley v. MacKay*, 93 F.3d 676, 680 (10th Cir. 1996)

There is no respondeat superior liability under § 1983. *Ashcroft*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the officials' own individual actions, has violated the Constitution."). Thus, the plaintiff must name each defendant in the caption and in the body of the complaint, and there describe the personal unconstitutional actions allegedly done by each defendant with "dates,

locations, and circumstances." *Lynn v. Willnauer*, 2021 WL 1390384, at *10 (D. Kan. Apr. 13, 2021). "[T]he Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability." *Fudge v. Martinez*, 504 F.Supp.3d 1215, 1221 (D.N.M. 2020) (citing *See Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir. 2012); *Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006)). Mere supervisory status, however, is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008).

Count One

The plaintiff's negligence allegations against Dowling and Corby in driving and texting and in not keeping a lookout do not state a claim under 42 U.S.C. § 1983. For liability under § 1983, it is not enough that the defendant was negligent, because the deprivation of constitutional rights must be predicated on deliberate conduct or decisions. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) ("'liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.'" (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998))). These allegations do not state a claim for relief. *see Solton v. Hurde*, No. 19-3158-SAC, 2021 WL 1817645, at *1 (D. Kan. May 6, 2021) (No constitutional violation for negligence of jail facility officer in slamming the brakes while driving the transport van). These allegations and claims are dismissed.

The plaintiff principally alleges in count one that he repeatedly asked Dowling, Corby, and the unknown staff #1 to be treated by emergency medical

personnel at the scene, that he was "in tremendous pain", but that Dowling did not

believe his complaints and even laughed at him for requesting medical assistance.

ECF# 21, p. 10. The plaintiff asserts this denial of care at the scene showed

deliberate indifference to his need for medical assistance that was available from the

responding emergency personnel.

In bringing a § 1983 claim for deliberate indifference to his prison

conditions and medical needs, the plaintiff as a convicted person has his rights

protected under the Eighth Amendment. *Strain v. Regalado*, 977 F.3d 984, 989 (10th

Cir. 2020). The standards for a general Eighth Amendment prison conditions claim

were recently summarized by the Tenth Circuit in *Brooks v. Colorado Department of*

*Corrections*, 12 F.4th 1160, 1173 (10th Cir. 2021):

> Prison officials must ensure that inmates receive adequate food,
> clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832, 114
> S.Ct. 1970, 128 L.Ed.2d 811 (1994). An inmate raising an Eighth Amendment
> conditions-of-confinement claim must prove both an objective and subjective
> component associated with the deficiency. *Id*. at 834, 114 S.Ct. 1970. The
> objective component requires conditions sufficiently serious so as to (1)
> deprive an inmate "of the minimal civilized measure of life's necessities" or (2)
> subject an inmate to "a substantial risk of serious harm." *Shannon v. Graves*,
> 257 F.3d 1164, 1168 (10th Cir. 2001) (quotation omitted). "The subjective
> component requires that a defendant prison official have a culpable state of
> mind, that he or she acts or fails to act with deliberate indifference to inmate
> health and safety." *Id*. To prove deliberate indifference, a prisoner must
> adduce sufficient facts to show the defendant knew of and disregarded "an
> excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837, 114 S.Ct.
> 1970. Under this standard, "the official must both be aware of the facts from
> which the inference could be drawn that a substantial risk of serious harm
> exists, and he must also draw the inference." *Id*. This high standard for
> imposing personal liability on prison officials (*i.e.*, the same standard of
> subjective recklessness used in the criminal law) is necessary to ensure that
> only those prison officials that inflict punishment are liable for violating the
> dictates of the Eighth Amendment. *Id*. at 835–45, 114 S.Ct. 1970; see also *Self
> v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006) (holding that *Farmer*'s
> "subjective component is not satisfied[ ] absent an extraordinary degree of
> neglect"); *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1286 (10th Cir. 1999)

9

(recognizing that *Farmer*'s deliberate indifference standard sets out a "stringent standard of fault").

*Id.* For a denial of medical care claim in prison, the same deliberate indifference standard applies, that is, the plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020), *cert. denied*, 142 S.Ct. 312 (2021).

The objective component requires the inadequate medical care be sufficiently serious as "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Clark v. Colbert*, 895 F.3d 1258, 1267 (10th Cir. 2018). The subjective component requires establishing that medical "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). Thus, allegations and evidence showing only defendant's negligence in diagnosing or treating the medical need do "not rise to the high level of deliberate indifference." *Id. (*citing *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803,811 (10th Cir. 1999)). The plaintiff's disagreement with a course of treatment does "not establish deliberate indifference." *Id.* at 996 (citing *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019) ("reasoning that a 'mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation'")).

One type of deliberate indifference claim involving prison medical care is "preventing an inmate from receiving medical treatment or denying access to

medical personnel capable of evaluating the inmate's condition." *Self v. Crum*, 439

F.3d 1277, 1231 (10th Cir.), *cert. denied*, 549 U.S. 856 (2006). Brownlee's claim

alleges medical care for his injuries was denied at the scene and delayed until he was

returned to the facility. The Tenth Circuit's governing law for such a claim is:

> "[A] delay in medical care only constitutes an Eighth Amendment violation
> where the plaintiff can show that the delay resulted in substantial harm. [T]he
> substantial harm requirement may be satisfied by lifelong handicap, permanent
> loss, or considerable pain." *Requena v. Roberts*, 893 F.3d 1195, 1216 (10th Cir.
> 2018) (citation, internal quotation marks omitted), *cert. denied*, --- U.S. ----,
> 139 S. Ct. 800, 202 L. Ed. 2d 589 (2019). Here, McCowan does not allege that
> any delay in Officer Moralez getting McCowan to the detention center, where
> he could have sought medical assistance, caused the need for McCowan to have
> shoulder surgery or otherwise exacerbated his shoulder injuries. But McCowan
> does assert that Officer Moralez's delay in getting McCowan to the detention
> center resulted in McCowan suffering up to several hours of excruciating pain.
> That is sufficient to meet the objective prong of the deliberate-indifference
> test. *See Mata v. Saiz*, 427 F.3d 745, 752-55 (10th Cir. 2005); *see also Rife*, 854
> F.3d at 642-43, 653-54 (holding summary judgment based on qualified
> immunity was not warranted where § 1983 plaintiff presented evidence that he
> was in "substantial pain while he waited for medical attention"); *Al-Turki v.
> Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014) ("Although not every twinge of
> pain suffered as a result of delay in medical care is actionable, when the pain
> experienced during the delay is substantial, the prisoner sufficiently establishes
> the objective element of the deliberate indifference test.") (internal quotation
> marks omitted).
>
> Next, turning to the subjective prong, that prong addresses whether
> Officer Moralez acted with "a sufficiently culpable state of mind." *Requena*,
> 893 F.3d at 1215 (internal quotation marks omitted). Here, the district court
> determined that, through his affidavit, McCowan presented evidence from
> which a jury could find that Officer Moralez knew that McCowan was suffering
> from significant shoulder pain—McCowan attested that he told the officer that
> he had previously injured his shoulder and that he re-injured that shoulder
> during the ride to the police station, and then at the police station McCowan
> repeatedly told the officer that he was in excruciating shoulder pain—yet
> Officer Moralez disregarded all of that information in delaying McCowan
> medical care for approximately two hours until he was sent to the detention
> center. That is sufficient to meet the subjective prong of the deliberate
> indifference test. *See Mata*, 427 F.3d at 755 ("A prisoner may satisfy the
> subjective component by showing that defendants' delay in providing medical
> treatment caused ... unnecessary pain .... Even a brief delay may be
> unconstitutional."); *see also Sealock v. Colorado*, 218 F.3d 1205, 1210 n.5
> (10th Cir. 2000) (noting that, although defendant prison official did not cause

inmate's heart attack, "there is factual evidence from which a jury could conclude that the delay occasioned by his inaction unnecessarily prolonged appellant's pain and suffering").

*McCowan v. Morales*, 945 F.3d 1276, 1291–92 (10th Cir. 2019) (Ignoring a prisoner's complaints of reinjury and "excruciating" pain and waiting two hours before providing access to medical care may allege a viable claim of a guard's deliberate indifference in delaying medical treatment).

The plaintiff alleges that despite his repeated requests to receive medical assistance by the responding emergency personnel at the scene, the defendant officers denied him the same. The plaintiff also alleges he was in "tremendous pain" and that his "health began to deteriorate." ECF# 21, p. 10. These allegations remain cursory and lacking in factual detail but are closer in meeting the elements of a plausible claim of deliberate indifference. Plausibility, however, demands that more facts be recited, including how the accident caused his injuries, a description of those injuries, and how much time transpired from the accident to the on-the-scene arrival of the second EDCF van and to his examination back at the infirmary. More details are needed to make clear what each defendant is alleged to have done to personally participate in the constitutional violation. In that same regard, the plaintiff still has not alleged how any of the defendants named in this count are necessarily responsible for delaying his medical assistance at the scene. As the court pointed out in its prior screening order, the plaintiff attaches a grievance which states that he reported his injuries and asked for medical treatment at the scene. In response to the plaintiff's request, officer Corby made a phone call and reported back to Brownlee that he would not receive medical assistance on the scene

and would not be taken to a hospital but that another EDCF van was coming to get him. ECF# 21-1, p. 5. Thus, the court stated in its prior screening order, "[i]t does not appear that the decision on where to provide treatment was made by either defendant Corby or Dowling." ECF# 4, p. 6. Absent allegations showing Corby, Dowling and the unknown staff #1 were personally involved with deciding when and where Brownlee would be treated for his injuries, the balance of this count is also subject to dismissal. The court will permit the plaintiff another opportunity to amend his complaint to cure these deficiencies in alleging deliberate indifference in delaying medical care at the scene of the accident.

Count Two

The plaintiff alleges that the defendant McCullough forcefully and maliciously grabbed and dragged him from the wrecked van knowing he was complaining of injuries and realizing the additional pain that would come from his actions. The plaintiff also alleges that upon arriving at EDCF infirmary he asked for help in exiting the van and the officers laughed at him. The defendant McCullough then used excessive force pulling him to the floor of the van while handcuffed and shackled, removing him, and causing him more pain and injury. The plaintiff alleges the defendant Mitchell and unknown staff member #2 were negligent in not stopping McCullough.

In this count, the plaintiff alleges McCullough's actions to be negligent but also as taken with deliberate indifference to the plaintiff's known injuries and need for assistance and treatment. The plaintiff alleges that McCullough's actions caused him additional pain and injury. McCullough's actions are alleged to have

13

happened prior to any evaluation or assessment by the medical staff. The court will allow the plaintiff another opportunity to amend his complaint to cure the deficiency with alleging McCullough's intent in using force to remove him from the van and to add more details as to the pain and injury resulting from this use of force, if any. The court, however, dismisses the defendant Mitchell and the unknown staff member #2 for the alleged claim of negligence in not stopping McCullough from removing him from the van with excessive force. The allegation of negligence fails to state an actionable claim for a constitutional violation.

Count Three

The plaintiff asserts the named EDCF officers, the EDCF Warden, the KDOC Secretary, and the KDOC Facility Manager violated his due process rights under the Fourteenth Amendment in their handling of his information resolution grievance and property claim. Brownlee alleges his efforts to complete the grievance procedures were either ignored or blocked by the named defendants. The plaintiff has not cured his failure to state a claim for relief in this count in that he has not alleged specific facts showing retaliation for his exercise of constitutional rights. Moreover, "there is no independent constitutional right to state administrative grievance procedures." *Boyd v. Werholtz*, 443 Fed. Appx. 331, 332 (10th Cir. 2011). The plaintiff has not been denied access to the courts due to any alleged deficiencies in handling the grievance procedure. This count fails to state a claim for relief.

**CONCLUSION**

For the reasons set forth above, the court affords the plaintiff an additional thirty days or until July 14, 2022, to allege claims under count one for

14

delayed medical treatment as discussed above and to allege claims under count two against the defendant McCullough and unknown staff #2 for forcibly removing him from the crashed van at the scene and against the defendant McCullough 2 for forcibly removing him from the second van at the infirmary. The plaintiff must file this second amended complaint (SAC) on court-approved forms curing all the deficiencies discussed herein. The SAC is to be proper and complete alleging only the properly joined claims against the remaining defendants, alleging sufficient facts to state a claim for a federal constitutional violation legally and factually viable in federal court, and alleging sufficient facts to show personal participation by each remaining defendant. If the plaintiff does not file his SAC within the prescribed time, this matter will be decided based upon the current deficient complaint and may be dismissed without further notice. All other claims under counts one and two for constitutional violations are hereby dismissed for failure to state a claim. Count three is also dismissed for failure to state a claim under § 1983.

IT IS THEREFORE ORDERED that the plaintiff is granted until July 14, 2022, in which to file a SAC as to the remaining claims in counts one and two that is complete and proper curing all the pleading deficiencies discussed herein. The plaintiff's failure to file a SAC by July 14, 2022, will result in the court deciding this matter based upon the current deficient complaint and dismissing without further notice;

IT IS FURTHER ORDERED that the plaintiff's negligence claims in count one against the defendants Dowling and Corby for driving and texting and for not keeping a lookout are dismissed for failure to state a claim under 42 U.S.C. § 1983;

IT IS FURTHER ORDERED that the plaintiff's negligence claims in count two against the defendant Mitchell and the unknown staff member #2 for not stopping McCullough from removing him from the van with excessive force are dismissed for failure to state a claim under 42 U.S.C. § 1983;

IT IS FURTHER ORDERED that count three is dismissed for failure to state a claim for relief under 42 U.S.C. § 1983.

Dated this 14th day of June, 2022, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge