IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUSTIN C. BROWNLEE,

           Plaintiff,

vs.                                           Case No. 20-3122-SAC

EYMAN DOWLING, et al.,

           Defendants.

**O R D E R**

This case is before the court for the purpose of screening plaintiff's second amended complaint. Doc. No. 25. The court applies the screening standards previously reviewed at Doc. No. 22, pp. 1-3.

The second amended complaint alleges claims against three defendants: Eyman Dowling; Brett Corby; and Alex McCollough. Each defendant is alleged to have worked as a security officer at the ElDorado Correctional Facility (EDCF).

Plaintiff alleges that, on May 23, 2018, defendant Dowling was driving a prison van transporting plaintiff, an inmate, to a medical appointment. Plaintiff asserts that Dowling was texting while driving when the van ran into the back of another vehicle as part of a five-vehicle collision. Plaintiff claims he suffered a bruised spinal cord. It is further claimed that plaintiff was not properly restrained in the van when the collision happened.

1

The complaint asserts that defendants denied plaintiff medical assistance by emergency personnel at the accident scene because they disbelieved plaintiff's injury claims and said he was faking. It further alleges defendant McCollough aggravated plaintiff's pain and injuries by dragging plaintiff out of the wrecked van, throwing plaintiff into another van, and, later, punching and kneeing plaintiff. Plaintiff alleges that when he was seen by a prison doctor, the doctor decided that plaintiff had suffered severe injuries and needed immediate medical assistance.

The court finds that plaintiff's allegations are sufficient to state plausible federal constitutional claims. Therefore, this case shall proceed upon the second amended complaint. The court directs that the Clerk issue waiver of summons to defendants Eyman Dowling, Brett Corby and Alex McCollough.[1] The court further directs that the Clerk assign this case to a Magistrate Judge for the purposes of case management and determining nondispositive pretrial matters.

---

[1] Plaintiff has the primary responsibility to provide sufficient name and address information for the waiver of service forms or for the service of summons and complaint upon a defendant. See Nichols v. Schmidling, 2012 WL 10350 *1 (D. Kan. 1/3/2012); Leek v. Thomas, 2009 WL 2876352 *1 (D. Kan. 9/2/2009). So, plaintiff is warned that if waiver of service forms or summons cannot be served because of the lack of name and address information, and correct address information is not supplied to the Clerk of the Court, ultimately the unserved parties may be dismissed from this action. See FED.R.CIV.P. 4(m).

**IT IS SO ORDERED.**

Dated this 30th day of August 2022, at Topeka, Kansas.

                          s/Sam A. Crow_____
                          U.S. District Senior Judge