IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GUSTIN C. BROWNLEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-3122-JAR-GEB |
| | ) |
| BRETT CORBY, EYMAN DOWLING, | ) |
| and ALEX McCOLLOUGH, | ) |
| | ) |
| Defendant. | ) |
| | ) |

# ORDER

This matter is before the Court on Plaintiff Gustin C. Brownlee's Amended Motion for Appointment of Counsel, ("Amended Motion"). **(ECF No. 31)**. For the reasons outlined below, Plaintiff's Motion is **DENIED** without prejudice as to refiling.

## I. Background.

Plaintiff is incarcerated at El Dorado Correctional Facility ("EDCF"), and brings this action against certain employees of EDCF whom Plaintiff alleges violated certain Constitutional Rights. Plaintiff filed his Amended Complaint on August 15, 2022, alleging he was in the custody and control of Defendants when the vehicle Defendant Dowling was driving was involved in a motor vehicle accident.[1] Plaintiff further alleges, among other things, that Defendant Dowling was texting while operating the vehicle, Defendant Corby failed to properly restrain him in the vehicle, Plaintiff was denied emergency medical

---

[1] ECF No. 25.

treatment at the scene of the accident by Defendants Dowling and Corby, and Defendant McCollough physically manhandled Plaintiff in a way that exacerbated his injuries.[2]

Plaintiff filed a motion for appointment of counsel[3] on September 9, 2022 and later filed an amended motion for appointment of counsel[4] on September 14, 2022. Plaintiff's original motion has been superseded by his amended motion and renders the original motion moot.

**II. Discussion.**

When parties are permitted to proceed *in forma pauperis,* 28 U.S.C. § 1915(e)(1), provides discretionary authority for the Court to "request an attorney to represent any person unable to afford counsel."[5] Unlike a criminal case, here, in a civil action, there is no constitutional right to counsel.[6] The court has an obligation to attorneys who will take appointments not to make indiscriminate appointments on every occasion that a party seeks court-ordered counsel,[7] particularly in light of the expanding federal court dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[8]

---

[2] *Id.*
[3] ECF No. 29.
[4] ECF No. 31.
[5] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[6] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[7] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).
[8] *See Sause v. Louisburg Police Dept.*, No. 15-9633-JAR-TJJ, ECF No. 16 (D. Kan. Jan. 6, 2016).

The Court has broad discretion in determining whether to appoint counsel for an indigent party, and considers multiple factors in its decision-making.[9] In *Castner v. Colorado Springs Cablevision*,[10] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) the plaintiff's ability to afford counsel; (2) the plaintiff's diligence in searching for counsel; (3) the merits of the plaintiff's case; and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel. "That counsel could assist plaintiff in presenting 'his strongest possible case' is not a proper basis for granting such a motion."[11]

After due consideration, the Court declines to appoint counsel to represent Plaintiff at this time for the reasons set forth herein. Plaintiff satisfies the first prong of the *Castner* analysis—his inability to afford counsel. He is currently incarcerated, has provided his account statement, and the court previously granted Plaintiff's motion to proceed *in forma pauperis*.[12] But it is questionable whether Plaintiff satisfies the second prong of the analysis—diligence in searching for counsel. Plaintiff's Amended Motion demonstrates he, or family members on his behalf, have contacted four attorneys for possible representation. The court typically requires that before seeking an appointed attorney, a plaintiff confer with at least five attorneys regarding legal representation. But, the Court

---

[9] *Jackson*, 2014 WL 494789, at *1.
[10] 979 F.2d 1417, 1420-21 (10th Cir. 1992).
[11] *Smith v. Phamm*, No. 03-3451-SAC, 2008 WL 631263, at *3 (D. Kan. Mar. 5, 2008) (citing *Brown v. Gray*, No. 06–3003–JTM, 2007 U.S. Dist. LEXIS 69925, at * 6–7 (D. Kan. 2007)); *see also Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) ("It is not enough that having counsel appointed would have assisted [him] in presenting his strongest possible case, as the same could be said in any case.")
[12] ECF No. 3.

recognizes Plaintiff is incarcerated and will not decide the issue of appointment of counsel on this basis alone.

Plaintiff's Complaint has been amended twice, at the direction of the court.[13] If the facts alleged are taken as true, Plaintiff has now pled facts sufficient to comply with the requirements of Fed. R. Civ. P. 8.  And, despite the allegations in his Amended Motion, Plaintiff's case does not appear unusually complex. He has demonstrated no reason why he is unable to adequately present the case on his own. Plaintiff has shown no special circumstances, such as mental or physical impairment, which would indicate he is unable to present his claims.[14] To the contrary, his written pleadings and motions appear organized and coherent, he has docketed an appeal to the Tenth Circuit, and he has filed several motions in this case.[15] Plaintiff further indicates he has no ability to locate the Defendants in order to perfect service.[16] The official docket in this case indicates two of the three Defendants have now been served and filed waivers of service. The Court deems likely the third Defendant may eventually enter into this case in the same fashion.[17]

The Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[18] as the case progresses. Postponing a decision to appoint counsel allows the Court to gain more information about both obtaining

---

[13] ECF No. 4, 24.
[14] *Smith v. Phamm*, No. 03-3451-SAC, 2008 WL 631263, at *3 (D. Kan. Mar. 5, 2008).
[15] *See* ECF Nos. 2, 8, 11, 12, 13, 14, 23.
[16] ECF No. 29.
[17] ECF No. 35.
[18] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).

service on Defendant Dowling and Plaintiff's ability to present this case to the Court.[19] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[20]

Under the circumstances, the factors weigh against seeking an attorney to represent Plaintiff at this time. Therefore, the motion for appointment of counsel shall be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Motion for Appointment of Counsel (**ECF No. 31**) is **DENIED** without prejudice as to refiling. **IT IS FURTHER ORDERED** Plaintiff's Motion for Appointment of Counsel **(ECF No. 29)** is denied as moot.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 28th day of October 2022.

                                              s/ Gwynne E. Birzer
                                              GWYNNE E. BIRZER
                                              United States Magistrate Judge

---

[19] *Id*. (citing *Ficken,* 146 F.3d at 981).
[20] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).