## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

GUSTIN C. BROWNLEE,           )
                                     )
                **Plaintiff,**     )
                                     )
**v.**                                )    **Case No.   20-cv-03122-JAR-GEB**
                                     )
**BRETT CORBY, et al.,**       )
                                     )
               **Defendants.**    )

## DEFENDANTS CORBY AND MCCOLLOUGH
## RESPONSE IN OPPOSITION TO MOTION TO AMEND [DOC. 40]

COME NOW Defendants Brett Corby and Alex McCollough, and provides the following Response in Opposition to Plaintiff's Motion to file a Third Amended Complaint [Doc. 40]:

**I.**      **NATURE OF CASE**

Plaintiff has filed suit alleging that Defendants Corby and Dowling were deliberately indifferent to his serious medical needs following an automobile accident on May 23, 2018. Plaintiff has alleged that Defendant McCollough used excessive force after the accident on May 23, 2018.

Plaintiff initially filed suit on April 28, 2020. *See* Docket. The initial Complaint [Doc. 1], was screened by the Court and a Show Cause Order was issued. *See* Notice and Order to Show Cause [Doc. 4]. Based on Plaintiff's failure to respond to the Show Cause Order, the case was dismissed. However, because Plaintiff had responded to the Show Cause Order and provided the pleading to correctional facility employees prior to the deadline, the dismissal was overturned.

Based on the response to the Show Cause Order, the Court entered an Order that Plaintiff was to file an Amended Complaint. *See* Memorandum and Order [Doc. 18]. On April 14, 2022, Plaintiff filed his First Amended Complaint [Doc. 21].

The First Amended Complaint was again screened by the Court and an Order was entered dismissing some of Plaintiff's claims and it was ordered that a Second Amended Complaint was to be filed.  *See* Memorandum and Order [Doc. 22].

On August 15, 2022, Plaintiff filed the Second Amended Complaint [Doc. 25].  Following the filing of the Second Amended Complaint, the Court ordered service on the remaining defendants.  *See* Docket.

On January 6, 2023, Defendants Corby and McCollough filed their Motion to Dismiss and Memorandum in Support Thereof [Docs. 38-39].  To date, Defendant Dowling has not been served.  *See* Docket.

After the Defendants filed the Motion to Dismiss, Plaintiff filed the instant Motion to Amend to assert a claim against Defendants Corby and Dowling for violation of Plaintiff's "Eight [sic] and Fourteenth Amend to the US Constitution by exposing Plaintiff unsafe conditions".  *See* proposed Third Amended Complaint [Doc. 40-1, p. 5].

For the reasons set forth below, Defendants request an Order from the Court denying the Motion to Amend.

## II.    <u>ARGUMENTS AND AUTHORITIES</u>

The 10th Circuit has repeatedly recognized that allowance of amendment is in the discretion of the district court.  *See State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).  In determining whether to allow amendment of a complaint, the court typically considers several factors, including:  whether the amendment will result in undue prejudice; whether the request was unduly and inexplicably delayed; was offered in good faith; or that the party had had sufficient opportunity to state a claim and failed.  *Id.*  A district court also may refuse to allow amendment if it would be futile. *See Full Life Hospice, LLC v. Sebelius*, 709 F.3d

1012, 1018 (10th Cir. 2013).

Plaintiff has already been granted multiple opportunities to file amended complaints.  *See* Docket.  The currently controlling complaint, the Second Amended Complaint, has been screened and was served on Defendants Corby and McCollough.  "A party may amend its pleading *once* as a matter of course. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a) (emphasis added). When a pro se inmate seeks leave to file an amended complaint after screening has already occurred, after already amending the complaint once, the requested amendment can be "untimely under the circumstances," and "[u]ndue delay is sufficient reason to deny leave to amend." *Neusteter v. Cossobone*, 62 F. App'x 844, at 845 n.1 (discussing screening), 846 (finding undue delay) (10th Cir. 2003).

Here, Plaintiff is seeking leave to file a Third Amended Complaint after screening has already occurred, after already amending the complaint twice, and after Defendants Corby and McCollough have filed a responsive pleading.  Therefore, Plaintiff's Motion to Amend should be denied based on undue delay.

Further, a Court can deny a request to amend based on futility.  *See Full Life Hospice, LLC*, 709 F.3d at 1018.

Here, as argued at length in Defendant's Memorandum in Support of their Motion to Dismiss [Doc. 39], Plaintiff has failed to exhaust his administrative remedies and this matter must be dismissed.  Therefore, permitting Plaintiff to file a Third Amended Complaint would be futile as it would still be subject to dismissal for failure to exhaust.

In addition, Plaintiff's proposed Third Amended Complaint fails to state a claim upon which relief can be granted for violation of Plaintiff's "Eight [sic] and Fourteenth Amend to the

US Constitution by exposing Plaintiff unsafe conditions" as Defendant Corby is entitled to qualified immunity.[1]

Qualified immunity is an affirmative defense against section 1983 damage claims available to public officials. *Barney v. Pulsipher*, 143 F.3d 1299, 1309 (10th Cir. 1998). Government officials are shielded from liability if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

"[W]hen a defendant has raised qualified immunity as a defense, the plaintiff must establish (1) that the defendant's action violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions. . . . The court has discretion to decide which of the two prongs of the qualified-immunity analysis to address first." *Grissom v. Roberts*, 902 F.3d 1162, 1167 (10th Cir. 2018).

Prison officials are required to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety. *See Farmer v. Brennan,* 511 U.S. 825, 832–33 (1994).  In order to hold prison officials liable for violating an inmate's right to humane conditions of confinement, two requirements must be met.

"First, the deprivation alleged must be objectively sufficiently serious, depriving the inmate of the minimal civilized measure of life's necessities. Second, the official must have a sufficiently culpable state of mind, which in this context means the official must exhibit deliberate indifference to a substantial risk of serious harm to an inmate."  *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (internal citations and quotations omitted).  "Thus, the deliberate

---

[1] As previously noted, Defendant Dowling has not yet been served.  However, for the same reasons argued by Defendant Corby, Defendant Dowling would be entitled to qualified immunity.

indifference standard in a prison-conditions case is a 'subjective' and not an 'objective' requirement." *Id.* "That is, a prison official is liable only if the official knows of and disregards an excessive risk to inmate health and safety.  It is not enough to establish that the official should have known of the risk of harm." *Id.* (internal citation and quotation omitted).

Here, the only claims against Defendant Corby under the new claim is that he did not adequately secure Plaintiff in the vehicle prior to the accident and failed to intervene when Officer Dowling was allegedly texting while driving.  *See* Doc. 40-1, p. 8.  These facts do not rise to the level of Defendant Corby exhibiting deliberate indifference to a substantial risk of serious harm to an inmate.  Further, as this Court previously noted when it dismissed Plaintiff's prior attempts to assert a constitutional claim for the accident, at most, this supports a claim of negligence, not a constitutional violation.  *See* Memorandum and Order, Doc. 22, p. 8.  Therefore, Plaintiff's Motion to Amend should be denied as the amendment would be futile.

### III.   CONCLUSION

WHEREFORE, Defendants Brett Corby and Alex McCollough request an Order from this Court denying Plaintiff's Motion to file a Third Amended Complaint, and for such other relief as is just and necessary.

Respectfully submitted,

*/s/ Tracy M. Hayes*
Tracy M. Hayes        KS #23119
SANDERS WARREN & RUSSELL LLP
Compass Corporate Centre
11225 College Blvd., Suite 450
Overland Park, KS  66210
Phone:  913.234.6100
Fax:     913.234.6199
t.hayes@swrllp.com
**ATTORNEYS FOR BRETT CORBY
AND ALEX McCOLLOUGH**

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the <u>12th</u> day of January, 2023, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.  I hereby further certify a copy of the foregoing was sent via U.S. Mail postage prepaid to the following:

        Gustin C. Brownlee #73693
        EL Dorado Correctional Facility – Central
        PO Box 311
        El Dorado, KS 67042


                              */s/ Tracy M. Hayes*
                              **Attorney**

6