IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUSTIN C. BROWNLEE, )
)
          Plaintiff, )
)
v. ) Case No. 20-3122-JAR-GEB
)
BRETT CORBY, EYMAN DOWLING, )
and ALEX McCOLLOUGH, )
)
          Defendants. )
)

## ORDER

This matter is before the Court on Plaintiff Gustin C. Brownlee's Motion for Appointment of Counsel, ("Motion"). **(ECF No. 63)**. For the reasons outlined below, Plaintiff's Motion is **DENIED** without prejudice as to refiling.

### I. Background.

Plaintiff brings this case against El Dorado Correctional Facility ("EDCF"), alleging EDCF employees violated certain Constitutional Rights. Plaintiff filed his Second Amended Complaint on August 15, 2022, alleging he was in the custody and control of Defendants while being transported in a vehicle driven by Defendant Dowling.[1] Plaintiff further alleges they were involved in a motor vehicle accident caused, at least in part, because Defendant Dowling was texting while operating the vehicle.[2] Plaintiff further claims Defendant Corby failed to properly restrain him in the vehicle, Plaintiff was denied

---

[1] ECF No. 25.
[2] *Id.*

emergency medical treatment at the scene of the accident by Defendants Dowling and Corby, and Defendant McCollough physically manhandled Plaintiff in a way that exacerbated his injuries.[3]

Plaintiff filed a motion for appointment of counsel[4] on September 9, 2022, and, on September 14, 2022, filed an amended motion for appointment of counsel.[5] Plaintiff's original motion was superseded by his amended motion, which rendered the original motion moot. On October 28, 2022, for many of the same reasons cited herein, the Court denied Plaintiff's amended motion without prejudice as to refiling.[6]

On January 6, 2023, Defendants Corby and McCollough filed a motion to dismiss this case.[7] Plaintiff filed five separate motions requesting additional time to respond to Defendants' motion to dismiss.[8] The court granted all five requests for additional time, and Plaintiff filed his response to Defendants' motion to dismiss on July 24, 2023.[9]

On August 10, 2023, Plaintiff filed the Motion under consideration by the Court, alleging, in part, he needs counsel because staff at EDCF periodically confiscates his legal paperwork, does not deliver legal mail in a timely fashion, and EDCF staff refuses to assist him or inform him of requests made by the Court.[10] He goes on to allege he is unable to afford counsel, and the issues involved in his case are complex.[11]

---

[3] *Id.*
[4] ECF No. 29.
[5] ECF No. 31.
[6] ECF No. 36.
[7] ECF No. 38.
[8] ECF Nos. 42, 45, 48, 50, 54.
[9] ECF Nos. 47, 49, 53, 57, 58.
[10] ECF No. 63.
[11] *Id.*

**II. Discussion.**

When parties are permitted to proceed *in forma pauperis,* 28 U.S.C. § 1915(e)(1), provides discretionary authority for the Court to "request an attorney to represent any person unable to afford counsel."[12] Unlike a criminal case, in a civil action, there is no constitutional right to counsel.[13] The court has an obligation to attorneys who will take appointments not to make indiscriminate appointments on every occasion that a party seeks court-ordered counsel,[14] particularly in light of the expanding federal court dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[15]

The Court has broad discretion in determining whether to appoint counsel for an indigent party, and considers multiple factors in its decision-making.[16] In *Castner v. Colorado Springs Cablevision*,[17] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) the plaintiff's ability to afford counsel; (2) the plaintiff's diligence in searching for counsel; (3) the merits of the plaintiff's case; and (4) the plaintiff's capacity to prepare and present the case without the

---

[12] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[13] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[14] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).
[15] *See Sause v. Louisburg Police Dept*., No. 15-9633-JAR-TJJ, ECF No. 16 (D. Kan. Jan. 6, 2016).
[16] *Jackson*, 2014 WL 494789, at *1.
[17] 979 F.2d 1417, 1420-21 (10th Cir. 1992).

aid of counsel. "That counsel could assist plaintiff in presenting 'his strongest possible case' is not a proper basis for granting such a motion."[18]

After due consideration, the Court declines to appoint counsel to represent Plaintiff at this time for the reasons set forth herein. Plaintiff satisfies the first prong of the *Castner* analysis—he is unable to afford counsel. He is incarcerated at EDCF, has provided his prisoner's account statement, and the court previously granted Plaintiff's motion to proceed *in forma pauperis*.[19] It is questionable whether Plaintiff satisfies the second prong of the analysis—diligence in searching for counsel. Plaintiff's Amended Motion for Appointment of Counsel demonstrates he, or family members on his behalf, contacted four attorneys for possible representation. However, it does not appear Plaintiff, or anyone on his behalf, have consulted any attorneys about this case since June 17, 2019.[20] The court typically requires that before seeking an appointed attorney, a plaintiff confer with at least five attorneys regarding legal representation. Nevertheless, the Court recognizes Plaintiff is incarcerated and will not decide the issue of appointment of counsel on this basis alone.

Plaintiff's Complaint has been amended twice at the direction of the court.[21] If the facts alleged are taken as true, Plaintiff has now pled facts sufficient to comply with the requirements of Fed. R. Civ. P. 8. And, despite the allegations in his Motion, Plaintiff's

---

[18] *Smith v. Phamm*, No. 03-3451-SAC, 2008 WL 631263, at *3 (D. Kan. Mar. 5, 2008) (citing *Brown v. Gray*, No. 06–3003–JTM, 2007 U.S. Dist. LEXIS 69925, at * 6–7 (D. Kan. 2007)); *see also Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) ("It is not enough that having counsel appointed would have assisted [him] in presenting his strongest possible case, as the same could be said in any case.")
[19] ECF No. 3.
[20] ECF No. 31.
[21] ECF Nos. 4, 24.

4

case does not appear unusually complex. He has demonstrated no reason why he is unable to adequately present the case on his own. To the contrary, Plaintiff has amended his complaint twice, filed multiple motions with the court, and has now responded to a motion to dismiss.[22] Plaintiff has shown no special circumstances, such as mental or physical impairment, which would indicate he is unable to present his claims.[23] In actuality, his written pleadings and motions appear organized and coherent.

The Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[24] as the case progresses. Postponing a decision to appoint counsel allows the Court to gain more information about both the merits of the case and Plaintiff's ability to present this case to the Court.[25] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision— for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[26]

Currently, there is a motion to dismiss pending, which will soon become ripe for decision. With no other pending motions Plaintiff is required to respond to, the Court finds this Motion premature. Under the circumstances, the factors weigh against seeking an attorney to represent Plaintiff at this time. Therefore, Plaintiff's Motion is denied.

---

[22] *See* ECF Nos. 1, 2, 7, 8, 12-14, 21, 23, 25. 42, 45, 48, 50, 54, 58.
[23] *Smith v. Phamm*, No. 03-3451-SAC, 2008 WL 631263, at *3 (D. Kan. Mar. 5, 2008).
[24] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).
[25] *Id*. (citing *Ficken,* 146 F.3d at 981).
[26] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 63**) is **DENIED** without prejudice as to refiling.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 15th day of August 2023.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
