In THE UNITED STATE DISTRICT COURT
FOR THE
DISTRICT OF KANSAS


Gustin C Brownlee
Plaintiff

　　　　V

Brett Corby ET:al
Alex Mccollough
Eyman Dowling
Defendants

Case No: 20-cv-03122 JAR-GEB


PlAINTIFF's BROWNLEE REBUTTAL OPPOSITIONS TO DEFENDANTS CORBY AND MCColbouGH MOTION TO DISMISS. With


Come now Plaintiff GUSTIN C. BROWNLEE, and Pursuant To Rule　　(11) and Rule　　(11) of the Federal Rules OF Civil Procedure. "PRAYS" for an Order From THE COURT Dening Defendants MOTION TO DISMISS [Doc. 38 & 39] Plaintiff has EXHAUST All available "ADMINSTRATIVE" REMEDIES. As THE Defendants "INTENTIONALLY" MISSTATED THE FACTS on also MISSTATED and MISCOUNTED when Time began to run. THE KDOC Grievance Procedure is EXisteo EXTEMELY "DYSFUNCTION" KDOC, E.D.C.F officials and STAFF violated and Misapplied their own Rules Policy and Procedure. Plaintiff has stated A Claim upo which Relife can be granted. To SUPPORT OF said REBUTTAL Opposition. Plaintiff

STATE as Follows:

I. NATURE OF CASE

Plaintiff has filed suit turthfully claim that Defendants Corby and Dowling were deliberately indifferent to his personal safety as well as others. When Defendant Dowling committed the "crime" of texting and driving while "operating" the transport van, Defendant Corby failed to intervene with the crime committed by Dowling. That resulted with injuries to all Three occu-pants of the van on also *JENNIFER DUTTON with Her (7) Juvenile CHILDRENS.* Defendants CORBY and DOWLING were deliberately indifferent to his serious medical needs following the automobile crime on MAY 23. 2018. Plaintiff has turthfully claimed that Defendant mccollough was deliberately indifferent to his serious medical needs and also used "unnessasary excessive FORCE AFTER the automobile crime on MAY 23. 2018.

Plaintiff initially filed suit on April 28. 2020 SEE Docket. THE initial complaint [Doc 1] was screen by THE COURT and A shows cause order was issued. SEE NOTICE and order to show cause [Doc. 4] Based on THE ACTION OF THE KDOC STAFF member

Documents, Dissectting and also failing to timely E-File Plaintiff response TO THE order to show Cause See. DOC. 14 Doc. 14 and also SEE [Doc. 15 AFFIDAVIT OF FACTS], the case was dismissed. However, based on the Fact that Plaintiff had responded to the show cause order and provided the pleading to correctional Facility employees prior to the deadline, the dismissal was overturned.

Based on the response to the show cause order, the Court entered an order that Plaintiff was to File an Amended Complaint. SEE memorandum and order was entered [Doc. 18] On April 14, 2022. Plaintiff Filed his First Amended Complaint [Doc. 21]

The First Amended complaint was again Screened by The court and an order was entered dismissing Some OF Plaintiff's Claims and it was ordered that A Second Amended complaint was to be Filed. SEE memorandum and order [Doc. 22].

On August 15, 2022. Plaintiff Filed the second Amended Complaint [Doc. 25]. Following the Filing OF the Second Amended complaint. the Court ordered Service on the remaining defendant

Complaint:

On OCTOBER 21.2022 Plaintiff Filed A motion "REQUESTTING" That the courts CONSTRUES PLAINTIFFs Claim For UNSAFE Conditions Should be "RAISED". Because Plaintiff has already RaiED this Claim with-in his Second Amended Complaint. SEE Doc 34 [ Doc 23 count 1. Supporting Facts 2-3 ]

(1) Count 1: Aginst Defendants Corby and Dowling For violations of the Eight Amendment and Fourthteenth for 'UNSAFE Conditions and For Intentionally "Denying" PROPER medical care. treatment and Assistance:

(2) count 11: aginst Defendant mcCollough For Violations of Plaintiff Rights Prohibiting Cruel and unusual Punishment under the eighth Amendment by using unreasonable excessive Force and intentionally denied PROPER medical tF care. treatment and Assistance:

SEE

II. STATEMENT OF FACTS

THIS "STATEMENT OF FACTS" is based on turthful an also undisputed Facts in the Second Amended complaint and documents attached to the Pleadings Filed by Plaintiff. Because these Facts, are limited to those contained in the second Amended complaint and draws attached documents FOR PURPOSES OF REBUTTAL OPPOSIT-Ion. In reviewing THE complaint THE COURT construes It liberally and draws all reasonable inferences from Facts in Plaintiff Favor, MATTER incorporated by reference or integral to claim, items subject to Judicial notice, matters OF Public record or can easy get acess to, order, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.

1. On MAY 23, 2018 PlaintiFF was and still is ILLEGALLY Being Detain at El Dorado Correctional Facility [DOC25].

2. while being transported From E.D.C.F by defendants Corby and Dowling. Defendant Dowling cause this vehicle collision by committing the crime of

DUTY TO INTERVENE. SEE Doc 25. P.4

3. Plaintiff's undisputed facts and truthful claim that I was injured in the automoble crime as a direct result of Defendants Corby and Dowling deliberately indifferent. In that Plaintiff received a bruised spinal cord and damage nerve. SEE Doc 25. P5 P16

4. Plaintiff's truthful claim that Defendant Corby willfully Intentionally "denied" proper medical care, treatment and assistance by emergency medical personnel at crime site, because they believed Plaintiff was acting or was Faking like he was Injured an also refused to take Plaintiff to hospital. SEE Doc 25 P 9-10 P17

5. Plaintiff truthful claim that Defendants Corby and Dowling both decided that a van would be called to get Plaintiff after "calling emergency personnel for everyone else. SEE Doc 25. P 9-10 P1.

6. Plaintiff truthful claim He made know to [medical] that [He was Injured unable to walk] and [needed medical care. Treatment assist] to [Exit van] He was [maliciously grabbed and dragged out of the wrecked van] and [thrown into another van] removing Plaintiff from crime site Before Plaintiff was able to give statements to responding officers. SEE Doc 25 P 16

7. Plaintiff truthfully claim Defendant's mccaullogh and unknow staff caused further pain, causing them endous pain [As] Plaintiff is "drug out of wrecked security van". SEE DOC 25 ¶

8. Plaintiff truthfully claim He was transported back to EDCF and was "denied" medical care treatment and assistance. SEE DOC 25 ¶ 11

9. Plaintiff truthfully claim upon returning to EDCF Plaintiff made know to Defendant mccallogh and others "A second time", that he was injured unable to walk, and that he needed medical assistance to walk, and hele in order to exit van. SEE DOC 25 ¶ 11

10. Plaintiff truthfully claim Defendant mccallogh Threaten that he would use force LIFT Plaintiff did not get out of van without assistance Because Defendant mccallogh and other believed Plaintiff was faking. SEE DOC 25 ¶ 11

11. Plaintiff truthfully claim Defendant mccallogh other laughed and called Plaintiff out of his name as he forcefully and mal'ciously grabb and pulled Plaintiff [To] floor of the van ho and punching Plaintiff. SEE DOC 25 ¶ 11

12. Plaintiff truthfully claim Defendant mccollough and Action were Responsible For THE unnecessary and wanton infliction of PAIN causing further PAIN. Two disc From Plaintiff Spinal Cord PUSH Agnist His sciatic nerve causing permanent damge. SEE Doc 25 P. 12

13. Plaintiff truthfully claim Defendant mccolough Informed EDCF medical staff Doctors Harrod that collision Doctor Harrod stated that Should HAVE BEEN taken to a Hospital Doc

14. Plaintiff truthfully claim Defendant mccollough told Doctor Harrod to Send Plaintiff Back to His cell Mr. Harrod asked Defendant mccollough why was I still Handcuffed SEE 25 P.12

15. Plaintiff truthfully claim Mr. Harrod did on his ment on Plaintiff and decreted that His Injuries were so severe He needed Immediate medical assistance Doc 25 P.12

16. Plaintiff truthfully claim He was Handcuffed and Shackled an not resisting in any way, there was no needed for the unnessuary use of force By Defendant mccollough and anyway staff. SEE 25 P.12

17. Plaintiff truthful claim. Had not Defendant Corby and Dowling Intentionally "denied" proper medical care. By emergency medical personnel at camp scene, and or taken Plaintiff to hospital, Plaintiff would have received A proper medical diagnosis. see Doc 25, P. 9-10

18. Plaintiff truthful claim. He would not have BEEN mishandled and attacked by Defendant McCollough and other... see Doc 25 P. 9-10

19. Plaintiff truthful claim. Doctor Harrod and KDOC staff from Topeka sent Plaintiff to outside Doctors and they also determined that these incident caused severe Injuries and permanent damage an I recieved treatment from outside Doctors SEE Doc 25 P 12

20 Plaintiff truthful claim. Doctor Harrod Prior to the filing of the second Amened compl Plaintiff has alleged that Defendant McColl was Physically Abusive toward Plaintiff. see Doc 25   P 17 Doc special procedures   se Doc 25 P 12
21 To Plaintiff Inmate Request to staff

members dated 5-28-2018 To Unit Team O
"Samson" In the Infirmary, Plaintiff made A
misstatement that Defendant corby ask
If I was OK. See Doc 25

21. Plaintiff was on truthfully claim He was
on "multiple" Musel Relaxers pain
shots and medication [I+] was in fact
Defendant Dowling that ask If I was
ok At Frist but then turned nasty. See
Doc 25. [Kansas Department of Correction
Incident Report of Dowling] also see

22. Plaintiff truthfully claim K.D.O.C STAFF
Refused to Help Plaintiff complete GRIEVANCE
Process. which is a ___ Violation of ___
1oa Procedure ___ ___ ___ ___ procedure
Doc 25

23. Plaintiff truthfully claim that he attained
to second Amended complaint and other Pleading
documents in support thur he exhausted
All Available Administrative remedies. situated

24. Its undisputed In Plaintiffs Request to STA
member oRous "Samson dated 5-28-2018 Plaintiff

is making A claim that all officer involved violated his Eight Amendment Rights to the Constitution. See Doc 25, p.9

25 It's undisputed In Plaintiff special properties correspondence Plaintiff Stated and other STAFF and Plaintiff also attached A copy of Original grievance See Doc 25, P 11 Doc

26 Reporting a crime and the cover up of that crime Involing (7) Juvenile children is a special kinds of problems. It was proper. See Doc 25.

II ANSWERS TO QUESTIONS PRESENTED

A. Plaintiff Exhausted All Available Administrative remedies

B. Count 1. states a claim For deliberate indifference to A Serious medical needs an also Unsafe Condition against Defendants Corby and Dowling

C. Count 2. states a claim For deliberate indifference to Serious medical need against Defendant Mccollough

D. Count 2 States a Claim For Unessary use of excessive Force against Defendant mccolcog

E. Plaintiff is not attempting to amend complant but is only Requesting that the Court Review A Claim that was Raised within Second amendment complaint.

IV STANDARD OF REVIEW

A. Standard For motion to Dismiss

The same standard used for FED. R. Civ. P. 12(b)(6) procedure is used for §1915 dismissals, and this includes the Twombly language and meaning taken from Twombly and Its plausibility determination. See Kay v. Bemis, 500 F 3d at 1218 1218. The Tenth circuit has made clear (10th cir abbb) cert denied 558 U.S. 1148 (2010). As a result, courts look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Kay, 500 F 3d at 1212. The Tenth circuit has made clear to the that to State a claim in Federal court, a legal claim for a complaint must explan what each defendant did to [the specific plaintiff] and what specific legal right the plaintiff believes the defendant violated. Deciding a motion to dismiss for Failure to exhaust administrative remedies is a two-step process. First the court looks to the factual allegations in the defendants motion to

the courts, and K.D.O.C on it's STAFF members
HAVE failed to Follow it's own RULE Regulation
Policies and Procedure it has SET Forth within
the K.A.R.

An inmate must take Four steps to complete the
grievance process (1) attempt an informal resolution
with unit Team members; (2) submit a grievance to
an appropriate unit team members; (3) submit a
grievance to the warden of the Facility; and (4)
Appeal to the secretary of corrections.

Here Plaintiff did complete the K.D.O.C grievance
process that was available Prior to Filing the
Instant action.

As demonstrated by the documents attached by
Plaintiff to his pleading to date, Plaintiff properly and
timely appeal to the secretary of corrections as
required by the Four step grievance process of
K.A.R 44-15-101 (b),(c), 01, 44-15-102 (a)-(c) See also
Doc 11 Doc 25-1 and Exhibit C Declaration of Lamin
C Brownlee "STEP 1" Plaintiff attached A Inmate
Request To Staff members" dated MAY 28, 2018 that
was attached to the Inmate Grievance Form
(Doc 25-1 ¶ 7-24), which would make the latest
deadline to appeal to the warden June 17, 20

Also SEE Grievance receipt dated 5-28-17 Doc 25-1 P.11 Defendant's incorrectly and Falsely Claim that the latest Deadline to appeal to the Warden is June 4, 2018. SEE Doc 39 p. 7. SEE K.A.R 44-15-101 (b) "Informal Resolution. Inmate Request Form". June 4, 2018 is incorrect. Whitams v. Franklin 302 Appx. 830 (10th Cir 2008) The courts rejection determination of untimeliness that was obviously wrong. Also SEE Dx. 39 p. 4. Ia B "5-28-2017"

◦ STEP #2

     Unit Team members C. Winterson (Samson) or Omololu Submitted Plaintiff's grievance to unit Team Richard Hoover who did not Respond in A Timely matter. SEE Doc 25-1 p 14-20 "Special Proced ures" Crrespondence. SEE

     Unit Team manager Richard Hoover violated K.A.R 44-15-101 (c) by Refusing to answer Plaintiff Grievance imposing additional hardship upon Plaintiff. (e) Refuse to assist plaintiff in obtaining copies of supporting material necessary to complete the grievance. SEE K.A.R 44-15-101 (F) Refuse to sign, date and Return Plaintiff's grievance. SEE K.A.R 44-15-101 (c) (e) (F) Also SEE Special Procedures To The Secretary of Correction Doc 25-1 pp1-14-20. SEE Blake V Ross 136 S. Ct 1850 (2016)

STEP #3

Plaintiff Sent A grievance Report From to the warden on or Around June 17 2018 without the unit team Signature." After Timely appealing to the warden." Two days after deadline". Plaintiff SENT A Special Procedures grievance 44-15-201 To

warden Plaintiff Properly Submitted A Special
kind OF Problems Grievance to the warden.
Plaintiff Stated I completed All Lower Stages
OF Grievance Process. Plaintiff than address
the Unit teams lack OF timely Response with
warden. Per K. A. R 44-15-102 (a) unlike Smith
V. Roberts. 393 P. 3d 1058 (table Opinion). 2017
WL 1367053. at *4 Plaintiff did not bypass
the warden and Request a resolution through
the Special kinds OF Problems Regulation with
the Secretary SEE Doc 25-1 P°. 15-16 Special procedures
To the warden. SEE Doc

        Defendant's incorrectly and Falsely Claim
that after Appeal deadline To warden. Plaintiff
Improperly Submitted A Special kind OF Problems
Grievance to the Secretary OF Corrections.
SEE Doc 39 PAge 7. Williams V. Franklin. 302 APPX. 830
(10th Cir 2008)

        Warden Snyder violated K.A.R 44-15-101
(c) by Refusing to answers Plaintiff Grievances
imposing additional hardship upon plaintiff (a
Refuse to sign date and Return Plaintiff grievance
also violated K. A.R. 44-15-102 (F) Any grievance
Report Forms MAY be Rejected by the if the
Forms does not document any Unit team action

resolution Process. The grievance Report forms shall the be sent back to unit team for an immediate answers. SEE DOC 25-1
Step #4

Plaintiff received A grievence Appeal Forms from U.T SHEILA MERCER. After Fill it out hand It over to her to transmitt to U.S mail, & due To THe Fact that E.D.C.F was on A Facitlity Lock Down Due to A riot that took place on [July 1, 2018

Judicial notice miller V. Toxicology] U.T MERCER Informed me to write under special kind Problems Grievance To Synder and To SECRETARY SEE DOC 25-P19. 20 INMATE REQUEST TO STAFF BUCHANAN and English²

Mason v. Corizon, Inc 2015-1043456   Davis V. Hedgpeth, 2010
                                                    Hedgpeth

Plaintiff has Demonstrated that I EXHAUST All available steps for exhaustion under the PLRA. SEE Ross v. Blake-US-, 136 s ct 1850 1858 (2016) In Ross, The supreme Court held that an administrative procedure is unavailable unders THe PLRA when eithers (1) it Operates as a simple dead end with officers unable OR consistently Unwilling to Provide any relief to aggrieved imates (2) It is so opaque that It becomes. Practically, speaking Incapable of use or Prison through machination, Misrepresentation, OR

For A Remedy to be available it "must be capable
of use For the accomplishment of its purpose.
"Plaintiff GUSTIN C BROWNLEE Has demonstrate
that the grievance procedure was subjectively
and objectively unavailble to him".

A.2 Duplicative Grievances why rehash the same
issues repeatedly?

If the grievance was not successfully exhausted
holding that a new grievance cannot successfully
exhaust because of an earlier blunder would
make the remedy unavailable in the most
literal sense. This point will generally be
academic when the issue is a on time event,
Sine THE K.D.O.C grievance deadlines are too
short to allow a timely second grievance

THE Defendant's MOTION "SHALL" & "MUST" BE
Denied.

B. Coun1 as to Defendant cordy motion To
To Dismiss Doc [38 & 39] "SHALL" be & "MUST" be
Denied Because Plaintiff has State A claim
upon wich relife can be "Granted".

1 Defendants Cordy an also Dowling were

Both Acting under THE color of state law SEE
Doc 25, P 2

2 Defendant Cosby an also Dowling violated Plaintiffs
Eight Aenendment rights secured by the
Constitution

PlaintiFF Has "ESTABLISH" deliberate indiFFerence to
Serious medical needs. Estelle V. Gamble 484 U.S
97, 106 (1976)

Objective Componet
Defendant Cosby an also Dowling Denied Plaintiffs
Medical Care, Treatment and assistance, Because Both
Cosby, and Dowling disbelieved Plaintiff Complaints
of InJuries. SEE Goebert V. LEE County 510 F.3d
1312, 1327-28, 1331 (1) (11th Cir 2007) belived Plaintiff was
Acting and or Fake'n like he was InJured. SEE Doc 25 P 6
an also see AFFIDAVIT oF Facts P 4 and [Kansas Department oF
Corrections incident Report oF DEFendant Dowling]

THe PAIN and deprsivation Plaintiff was Pil in was
suFFicientlly serious Spruill V. Gillis 372 F.3d 218,
236 (3d Cir 2004) Young V. Harris, 509 F. Supp 1111, 1113 (S.D.N
.Y 1981) SEE Doc 25 P 5, 6, 9

THe Denied Defendants Cosby and Dowling Denied

On site medical care treatment and assistance
and refusal to take ~~present~~ Plaintiff to hospital
Constitutes an Eight Amendment violation ~~where~~
the Plaintiff can show that the denial resulted
in substantial harm

1 Plaintiff was mishandle by Transport in STAFF Defendant
Mccollough who Attacked ~~&~~ Plaintiff causing lifelong
handicap permanent loss an also Considerable pain."
Requena v. Roberts, 893 F. 3d 1195, 1214 (10th cir
2018) cert. denied --- U.S --- 139 S Ct 800, 202 L. Ed.
2d 584 (2019).

2. Plaintiff was made to wait inside of booking van
for ~~at~~ what felt like forever on New transport of
VAN In Alot of PAIN. SEE Mata v. Saiz, 427 F.3d
745, 752-55 (10th cir 2005) SEE also, Gut, 234 F.3d at
642-43, 653-54. McGowan v. Morales, 945 F3d
1276, 1291-92 (10th cir 2019)

~~Subjective com~~
Subjective componet
Defendant's Corby and Dowling ~~both were aware of~~
Facts KNew of and disregarded an excessive
risk to Plaintiff health and safety.

Subjective Componet
Defendant Corby and Dowling knew of and disregarded
an excessive risk to Plaintiff Health and safty.

Corby an also Dowling both were aware of facts from
which they could have drawn inference that a
substantiul risk of serious harm exists.

1 Defendant Corby an also Dowling both knew that
Plaintiff was suffering & significant pain He told
officer that he had previously injuries and that
He re-injured those injuries and he repeatly told
Defendant Dowling an also Corby He was in
excruciating pain. SEE Doc 25 p 16 (3) Affidavit
of Facts Also SEE I Kansas Department of corrections
Incident Report of Defendant Dowling I SEE Doc 25
p 8 (4) p 9 p10 Ect SEE also sealock v. Colorado
216 F.3d 1205, 1210 n.5 (10th cir 2000)
Mala v. Saiz , 427. F3d 745 752 (10th cir 2005)
Holt v McBride 539 F App/ 863

2. Plaintiff has alleged additional injuries caused
by Corby an also Dowling denying medical care
treatment an assistance SEE Doc 25 p 9-10 etc
supporting facts also SEE Affidavit of facts. plaintiff
states that Doctor Harrod stated that Plaintiff
should have been taken to Hospital and also

D3. Harrod did have Plaintiff transferrd out of Facility and it was determin that these incident cause Sevor Injury and Permonant damage. SEE Doc 25

Furthmore in documents attached to second Amendent Complaint. Is A PART OF THE DysFunction Grievance procedure THAT is. D.O.C & E.D.C.F OFFicials violated them self while an at the same time trying to Hols The illegain detained Plaintiff to the hospital junion SEE Rebuttal OPPosition Statement of Facts 21-22 Therefore, Plaintiff Claim For deliberate indifference against Cothy in also paul ing "SHALL" & "MUST" STAND As a matters of LAW because Turthful Claims Contaned in Second Amended complaint and exhibit do satisry the subjective Component

C. Count II Defendant McCollough Motion to Dismiss must be Denied as SHALL BE Denied Because PlaintFF has stated A Claim which releif "SHALL" BE and "MUST" BE Granted For deliberate indifference to a Serious medical

To further. SEE REbUTTAL OPPOSITION STATMENT of facts

6 That Defendant Corby and dowling decided that Plaintiff would be transferred back to the facility

also See AFFIDAVIT of facts

The

B2 UnSAFe Conditions

Defendants Dowling and Corby were deliberately Indifferent that exposes Plaintiff and others To an Unreasonable harm

Here Plaintiff Attached documents to his Pleading to date Showing the Courts that Defendant Dowling Committed the Crime of Texting and driving While operating the transport VAN. Defendant Corby Failed to intervene and by Failing to restrain Plaintiff in VAN the Correct Way.

1 Plaintiff was exposed to a Serious harm
   SEE DOC 25  AFFINDITI OF FACTS

2 Defendant Corby know of the Condition and did not respond to it in a reasonable manner
   SEE DOC 25 AFFIDV:1 OF FACTS

3 Plaintiff has maintain that A Violation on His Eight Amendments rights under the U.S Constition

C. Count II Defendant McCollough Motion To
Dismiss "SHALL" BE and "MUST" BE DENIED Because
Plaintiff has state a claim upon which relief "SHALL"
Be granted For deliberate indifference to a
Serious medical need and also The unnessary use
of excessive use of Force and Plaintiff has
exhaust claims of Eighth Amemedment Violation

As an initial matter, Plaintiff has made very
Clear that Defendant mccollough denied him
medical care Doc 25 P 7 11 12
Pg 7 [Alex mccollough Intentionally denied]
Pg 11 [Alex mccollough was immediately made
aware of Plaintiff Injuries - and that Plaintiff
needed medical Assistance and help To exit to
exit VAN]
Pg 12 [Alex mccollough told Doctor llarrod to
send Plaintiff back to his cell For The same
reasons set forth Above as It relates to
Defendant Corsby

" With-In Inmate Request To Staff DATED
5-28-2018 Plaintiff Has Always Attempted to make
A claim that all of these officers violated
Plaintiff U.S constitutional Right to be free
From Cruel and Unusual Punishment] and
This motion claim at Denied

Plaintiff turthful and undisput Claim for the unassary use of excessive use of force. Plantiff has exhaust All available administrative remedies. As it relates specifically to Plaintff claims against Defendant mccollough in his original complaint [Doc1] and his first Amended complant [Doc1] and Also his second Amended complaint [Doc 25] Plaintff turthful claim against Defendant mccollough Regarding the unassary use of force in removing him from both tranport van.

Here Defendant mccollough unnassary use of force in Removing Plantiff from Both transport van was cruel and unusual Because

1. # Plaintff turthful and undisputed claim there was no need for force. Plaintiff was sestrained and non threating see Doc 25 P 12 c also see AFFIDAVIT of mcis I mccown / Morales 945 F 3d 1272
2. Plaintiff was not resisting in any way see Doc 25 supporting fur mccowan v morales 945 F 3d 1272 Defendant mccollough no esort to help or Assist Plaintiff

3. Defendant McCollough Threaten Plaintiff.
Mocked him on cat planting out his name
Before attaching him "That show his state of mind
SEE Doc 25 PS A11 P12 SEE AFFIDAVIT OF FACT

Here It can't not Be said defendant mccollough was
trying to keep order, or done in good faith

3 Plaintiff was in an still in excruciating pain
and has permanent damages SEE Doc 25 Affidavit
Facts and All Document Attachment

I Gustin C Brownlee Declare on my
soul and under the penalty, of perjury that
At this Time I am unable to get Law Library
Because THE TABLET FOR LAW LIBRARY are
Not Working or Cant not get acess That
the K.D.C.O STAFF Have BEEN not E Filing
my Legal PAPERs I Filed A MOTION to
Appoint Counsies Asking + Help date 6-8-23
and one on 8-8-23

U.S. Giles V Kearney 516. F Supp 2d (D. Del 2007)

D, MOTION TO CONSTRUE $MUST BE GRANTED

II's simple The Court construes
it liberally and draws all reasonable inferring
from facts in Plaintiffs favor Ganason v. Drug Enforcement
Admin. 588 F.3d 955, 901 (8th 2001) The court generally
ignores materials outside the pleading but may
consider materials that are part of the public record
or materials that are necessarily embraced by
the pleadings Miller v. Toricksyl Lab inc 688 F.3d 920, 91)
8th cir 2012 matters incorporated by reference or intagral
to claim, Items subject to judicial notice, matter
of public record, others, Items appering in the record
of the case, and exhibits attache to the complaint
Whose authenticity is unquestion

VERIFY CAITG

I have READ THE FOREGOING RebUTTAL OPPOSITION
hereby verify that matter's Alleged there in
Are true, Except those matter Alleged on
information and belief, and as to those be tue KDOC
STAFF foregoing is true and Correct was E-Filed
on this day

EXCuted At El DORADO Correctionsl Facility

7-13-23