IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUSTIN C. BROWNLEE,

       Plaintiff,

       v.

BRETT CORBY,
et al.,

       Defendants.

Case No. 20-3122-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiff Gustin Brownlee brings this suit alleging claims against three defendants: Brett Corby, Alex McCollough, and Eyman Dowling, each alleged to have worked as a security officer at the El Dorado Correctional Facility. On October 24, 2022, the Kansas Department of Corrections ("KDOC") filed a Waiver of Service of Summons Executed for Defendants Corby and McCollough.[1] On August 1, 2023, the Court requested that the KDOC provide current contact information for Defendant Dowling, said address to be placed under seal and used only for the purpose of attempting to effect service of process.[2] On August 3, 2023, KDOC notified the Court that Dowling had authorized counsel for KDOC to accept service on his behalf and on August 24, 2023, Dowling filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (6).[3]

The next day, Plaintiff filed a "Declaration for Entry of Default" against Dowling (Doc. 71). The Court construes Plaintiff's filing as an application for clerk's entry of default under Fed. R. Civ. P. 55(a), which may be requested if a party "has failed to plead or otherwise defend"

---

[1] Doc. 35.

[2] Doc. 59.

[3] Docs. 61, 69.

against judgment for affirmative relief.[4] Because Dowling's Motion to Dismiss was timely filed 21 days after KDOC accepted service on his behalf, his motion satisfies the "otherwise defend" language of Rule 55(a). Accordingly, the Court denies Plaintiff's request for the clerk's entry of default.[5]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Declaration for Entry of Default (Doc. 71), construed as an application for clerk's entry of default, is **denied**.

**IT IS SO ORDERED.**

Dated: September 7, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[4] Fed. R. Civ. P. 55(a).

[5] *See Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005) (finding no reversible error in district court declining to enter default when motion to dismiss preceded motion for entry of default); *Akers v. Sandoval*, 100 F.3d 967 (Table), 1996 WL 635309, at *3 (10th Cir. Nov. 4, 1996) ("A motion to dismiss constitutes defending an action within the meaning of Fed. R. Civ. P. 55(a).").