IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| GUSTIN C. BROWNLEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  20-cv-03122-JAR-GEB |
| | ) |
| BRETT CORBY, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' CORBY AND MCCOLLOUGH ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT [DOC. 25]**

COMES NOW Defendants Corby and McCollough Answer to Plaintiff's Second Amended Complaint [Doc. 25]:

### A.  JURISDICTION

1. Defendants admit that Plaintiff is incarcerated at the El Dorado Correctional Facility. Defendants are without sufficient information to admit or deny the remaining allegations and averments of Paragraph 1) of Plaintiff's Second Amended Complaint and therefore deny the same.

2. Defendants admit that Defendant Dowling is a citizen of Kansas and that he works at the El Dorado Correctional Facility. Defendants deny the remaining allegations and averments of Paragraph 2) of Plaintiff's Second Amended Complaint on Page 1 of 15.

3. Paragraph 2) of Plaintiff's Second Complaint on Page 2 of 15 states a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations and averments of Paragraph 2) on Page 2 of 15 of Plaintiff's Second Amended Complaint.

4.     Paragraph 3) on Page 2 of 15 of Plaintiff's Second Complaint states a legal conclusion to which no response is required.  To the extent an answer is required, Defendants deny the allegations and averments of Paragraph 3) on Page 2 of 15 of Plaintiff's Amended Complaint.

5.     Defendants admit that Defendant McCollough is a resident of Kansas.  Defendants deny the remaining allegations of Paragraph 4 on Page 3 of 15 of Plaintiff's Second Amended Complaint.

6.     The unnumbered paragraph on Page 3 of 15 of Plaintiff's Second Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations and averments in the unnumbered paragraph on Page 3 of 5 of Plaintiff's Second Amended Complaint.

7.     Defendants admit that Defendant Corby is a resident of Kansas.  Defendants deny the remaining allegations of Paragraph 3) on Page 4 of 15 of Plaintiff's Second Amended Complaint.

8.     Paragraph 4) on Page 4 of 15 of Plaintiff's Second Amended Complaint states a legal conclusion to which no response is required.

**B.  NATURE OF THE CASE**

9.     Defendants admit that on or about May 23, 2018, Plaintiff was being transported by Defendants Dowling and Corby to a medical appointment and that a motor vehicle collision occurred.  Defendants deny the remaining allegations and averments in Paragraph 1) on Pages 4 and 5 of 15 of Plaintiff's Second Amended Complaint.

10.    Defendants deny the allegations and averments of Paragraph (2) on Page 5 of 15 of Plaintiff's Second Amended Complaint.

11. Defendants admit that Plaintiff was transported back to El Dorado Correctional Facility. Defendants deny the remaining allegations and averments of Paragraph (3) on Page 5 and 6 of 15 of Plaintiff's Second Amended Complaint.

### C. CAUSE OF ACTION

12. Defendants deny the allegations and averments of Paragraph 1) A) (1) of Plaintiff's Second Amended Complaint.

13. Defendants deny the allegations and averments of Paragraph 1) A) (2) 1 of Plaintiff's Second Amended Complaint.

14. Defendants deny the allegations and averments of Paragraph 1) A) (2) 2 of Plaintiff's Second Amended Complaint.

15. Defendants deny the allegations and averments of Paragraph 1) B) (1) of Plaintiff's Second Amended Complaint.

16. Defendants deny the allegations and averments of Paragraph 1) B) (2) of Plaintiff's Second Amended Complaint.

### COUNT I

17. Defendants deny the allegations and averments of the unnumbered paragraph on page 8 of 15 of Plaintiff's Second Amended Complaint.

18. Defendants deny the allegations and averments of Paragraph (3) on Page 8 of 15 of Plaintiff's Second Amended Complaint.

19. Defendants deny the allegations and averments of Paragraph (4) on Page 8 of 15 of Plaintiff's Second Amended Complaint.

20. Defendants deny the allegations and averments of Paragraph (5) on Page 8 and 9 of 15 of Plaintiff's Second Amended Complaint.

21. Defendants deny the allegations and averments of Paragraph (6) on Page 9 of 15 of Plaintiff's Second Amended Complaint.

22. Defendants deny the allegations and averments of Paragraph (7) on Page 9 and 10 of 15 of Plaintiff's Second Amended Complaint.

23. Defendants deny the allegations and averments of Paragraph (8) on Page 10 of 15 of Plaintiff's Second Amended Complaint.

24. Defendants deny the allegations and averments of Paragraph (9) on Page 10 of 15 of Plaintiff's Second Amended Complaint.

25. Defendants deny the allegations and averments of Paragraph (10) on Page 10 of 15 of Plaintiff's Second Amended Complaint.

## COUNT II

26. Defendants deny the allegations and averments of Paragraph (2) on Page 11 of 15 of Plaintiff's Second Amended Complaint.

27. Defendants deny the allegations and averments of Paragraph (3) on Page 11 of 15 of Plaintiff's Second Amended Complaint.

28. Defendants deny the allegations and averments of Paragraph (4) on Page 11 of 15 of Plaintiff's Second Amended Complaint.

29. Defendants deny the allegations and averments of Paragraph (5) on Page 11 of 15 of Plaintiff's Second Amended Complaint.

30. Defendants deny the allegations and averments of Paragraph (6) on Page 11 and 12 of 15 of Plaintiff's Second Amended Complaint.

31. Defendants deny the allegations and averments of Paragraph (7) on Page 12 of 15 of Plaintiff's Second Amended Complaint.

32. Defendants deny the allegations and averments of Paragraph (8) on Page 12 of 15 of Plaintiff's Second Amended Complaint.

33. Defendants deny the allegations and averments of the unnumbered paragraph on Page 12 of 15 of Plaintiff's Second Amended Complaint.

34. Defendants deny the allegations and averments of Paragraph 1) on Page 14 of 15 of Plaintiff's Second Amended Complaint.

## REQUEST FOR RELIEF

35. Defendants deny the allegations and averments of Paragraph 2) 1) on Page 14 of 15 of Plaintiff's Second Amended Complaint.

## AFFIDAVIT

36. Defendants deny the allegations and averments of Paragraphs 1 through 15 of Plaintiff's Affidavit attached to Plaintiff's Second Amended Complaint, Doc. 25-1.

## AFFIRMATIVE DEFENSES

1. Defendants deny each and every allegation set forth in Plaintiff's Second Amended Complaint not specifically admitted herein.

2. Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

3. Plaintiff's damages, if any, were a result of intervening or superseding causes.

4. Plaintiff failed to mitigate his damages.

5. Any damages sustained by Plaintiff, which Defendants expressly deny, were caused, in whole or in part, by Plaintiff's own actions and/or omissions, by reason of which Plaintiff is not entitled to recover or his recovery, if any, should be reduced according to the relative percentage of fault attributable to Plaintiff's own actions and omissions.

6. Defendants, specifically denying Plaintiff's rights were violated, state that Plaintiff's alleged injuries or damages, if any, were the direct and/or proximate result of the intentional and/or negligent acts and/or omissions of Plaintiff, or the negligence and acts of others over whom Defendants have no control, such that the principles of comparative and/or contributory fault and/or negligence and/or sole cause should be applied to deny or diminish any recovery by Plaintiff as against Defendants.

7. Each and every cause of action set forth in Plaintiff's Second Amended Complaint is barred by the doctrine of qualified immunity, and Plaintiff is barred from asserting and pursuing recovery on said actions, in that Defendants' conduct toward Plaintiff was discretionary in nature and taken in good faith and was objectively reasonable under the circumstances then existing, and did not under any circumstances violate a clearly established constitutional or statutory right of which a reasonable law enforcement officer would have known.

8. Defendants state that each and every cause of action set forth in the Second Amended Complaint are barred by the doctrine of official immunity and that Plaintiff is barred from asserting and pursuing recovery on said actions in that Defendants acted, at all times relevant, in good faith, without malice, and reasonably in light of established law.

9. Defendants state Plaintiff's claims herein are barred, in whole or in part, because the alleged acts complained of herein were discretionary in nature and taken in good faith by Defendants and Defendants are protected from liability by the doctrines of qualified immunity, official immunity, absolute immunity, and/or judicial immunity.

10. Defendants allege that their conduct was justified and/or privileged and was objectively reasonable under the circumstances existing.

11. Defendants, specifically denying Plaintiff's rights were violated, states Plaintiff's claims herein are barred and should therefore be denied and/or dismissed under the doctrines of waiver, consent, and/or self-defense.

12. Defendants specifically deny that Plaintiff's rights were violated, and state that all acts taken with regard to Plaintiff, if any, were legally justified, based upon probable cause, legal suspicion, and were reasonable and necessary under the circumstances therein existing.

13. Defendants state they are immune from liability by virtue of the Eleventh Amendment of the United States Constitution.

14. Defendants' actions in this matter were objectively reasonable in light of the facts and circumstances in this case.

15. Plaintiff's claims are barred by the fact he has failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act including, but not limited to, 42 U.S.C. § 1997e(a).

16. In the event Plaintiff is entitled to or is awarded any damages, he is not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C § 1997e(e).

17. To the extent Plaintiff's claims against this Defendant pursuant to 42 U.S.C. § 1983 are based on vicarious liability or *respondeat superior*, such allegations fail to state a claim upon which relief may be granted and should be dismissed.

18. Plaintiff is not entitled to any relief under 42 U.S.C § 1983, the Fourth, Fifth, Eighth or Fourteenth Amendment of the United States Constitution.

19. Defendants deny that Plaintiff has been denied any rights protected by the United States Constitution or any part of the United States Code.

20. Defendants deny that Plaintiff has suffered any cognizable injuries or damages as a result of any acts or omissions on the part of these Defendants.

21. The damages sought by Plaintiff are speculative.

22. Any injuries or damages sustained by the Plaintiff, which these Defendants deny, were the direct and unavoidable consequence of Plaintiff's pre-existing medical conditions, and were not caused or contributed to be caused by the negligence or fault of anyone.

23. Defendants state that the alleged damages, which are expressly denied, were the natural and probable consequence of Plaintiff's medical and physical conditions and were not caused by the negligence of any party to the occurrence. In the alternative, these Defendants state that Plaintiff's alleged damages, which are expressly denied, were caused by conditions and conduct over whom these Defendants had no control or duty to control.

24. To the extent Plaintiff's damages were caused by non-parties and/or superseding and intervening causes, Plaintiff is barred and estopped from recovery against this Defendant.

25. Plaintiff's prayer for punitive damages must be denied because Plaintiff has not alleged and cannot show that any Defendants acted with the required maliciousness, evil motive, or with reckless indifference to Plaintiff's civil rights, or that they subjectively knew their actions were unconstitutional under clearly established law:

26. Defendants reserve the right to assert amend their defenses and to add new defenses in the event future discovery reveals the existence of or need for such.

27. Should Defendants prevail on any of the claims set forth in Plaintiff's Second Amended Complaint, they are entitled to reasonable costs and attorney fees incurred herein, pursuant to 42 U.S.C §1988(b).

WHEREFORE, Defendants Corby and McCollough pray that Plaintiff takes nothing, that this Court finds in favor of Defendants, and that Defendants be discharged with their costs and expenses incurred herein, and for such other and further relief as the Court may deem just and necessary.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury.

Respectfully submitted,

*/s/ Tracy M. Hayes*
Tracy M. Hayes    KS #23119
SANDERS WARREN & RUSSELL LLP
Compass Corporate Centre
11225 College Blvd., Suite 450
Overland Park, KS  66210
Phone:  913.234.6100
Fax:    913.234.6199
t.hayes@swrllp.com
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October, 2023, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.  I hereby further certify a copy of the foregoing was sent via U.S. Mail postage prepaid to the following:

Gustin C. Brownlee #73693
EL Dorado Correctional Facility – Central
PO Box 311
El Dorado, KS 67042

*/s/ Tracy M. Hayes*
**Attorney**