In the UNITED STATE DISTRICT court
for the
DISTRICT OF KANSAS

Gustin C. brownlee
Plaintiff

V

BRETT CORBY. et al

PLAINTIFF  Gustin  C. Brownlee  ReButtal  OPPOSITION
TO Defendant Dowling's motion TO DISMISS

Come Now Plaintiff  Gustin  C.  Brownlee  and  Pursuant  TO  Rule
1)(1) and Rule   1)1) OF the Federal Rules of civil
Procedure. "PRAYS" FOR an Order From THE COURT Dening Defendant
MOTION TO DISMISS [Doc 69 v 70] Plaintiff has EXHAUST All
available "ADMINSTRATIVE" REMEDIES, AS THE Defendant
"Intentionally" MISSTATED THE "FACTS" an also MISSTATED
and MISCOUNTED When time began to run. THE K.D.O.C
Grievance' Procedure is EXTREMELY "DYSFUNCTIONAL".
K.D.O.C an also E.D.C.F OFFICIals and STAFF Violated
and misapplied their own rules, Policy and Procedure.
Plaintiff has Stated A Claim UPON wich Relife CAN be
"Granted"

In SUPPORT OF Said Rebuttal opposition Plaintiff STATE
as Follows.

I. NATURE OF CASE

2

Plaintiff has Filed suit turthfully claim that Defendants Dowling and corby were deliberately indifferent to his personal Safety as well as others. When Defendant Dowling committed the "crime" of texting and driving while "operating" the transport van. Defendant corby Failed to intervene with the crime committed by Dowling. THAT Resulted with injuries to all three occpants of the van an also* JENNIFER DUTTON with Her (7) Juvenile CHILDREN". Defendants CORBY and DOWLING were deliberately indiffent to his serious medical needs Following the automobile crime on MAY 23. 2018. Plaintiff has turthfully Claimed that Defendant Mccollough was deliberately indifferent to his serious medical needs and also used unnessasary excessive FORCE After the automobile crime on MAY 23. 2018.

Plaintiff initially Filed suit on April 28. 2020 SEE Docket. THe initial Complaint [Doc 1] was screen by The Court and A Show causes order was issued. SEE NOTICE and order to Show Cause [ DOC 4] BASED on the ACTION OF THE KDOC STAFF Member's Refusing Plaintiff A NOTARY, FALSiFYiNG LEGAL Documents. Dissecting and also Failing to timely E-File Plaintiff respondes To THE order to Show Cause. SEE Doc 14. Doc 15 AFFIDAVIT of Facts

3

the case was dismissed. How ever. based on the fact that Plaintiff had responded to the show cause order and provided the pleading to correctional facility employees prior to the deadline. the dismissal was overturned.

Based on the response to the show cause order the court entered an order that Plaintiff was to file an Amended Complaint. SEE Memorandum and order [Doc. 18] On April 14. 2022 Plaintiff Filed his First Amended Complaint [Doc 21]

The First Amended Complaint was again Screened by the Courts and an order was entered dismissing Some of Plaintiff's Claims and it was ordered that A Second Amended Complaint was to be Filed. SEE Memorandum and order [Doc 22].

On August 15. 2022 Plaintiff Filed the Second Amended Complaint [Doc. 25] Following the Filing of the Second Amended Complaint. the Court ordered Service on the remaining defendants for the two Counts in the Controlling Complaint;

On OCTOber 21. 2022 Plaintiff Filed A motion "REQUESTING" that the Courts ConSTRUES

PLAINTIFF'S Claim For UNSAFE Conditions Should be "RAISED" Because Plaintiff has already Raised this Claim within his Second Amended Complaint. SEE Doc 34 [Doc 25 Count 1 Supporting Facts 2-3].

(1) Count 1: Aginst Defendants Dowling and corby For violations OF THE Eight Amendment and Fourthteenth For UNSAFE Conditions and For Intentionally "Denying" PROPER Medical Care, treatment and Assistance.

(2) Count 11: Aginst Defendant Mccollough For "violations OF Plaintiff Rights Prohibitting Cruel and unusual Punishment Under the Eighth Amendment" by using unreasonible excessive Force and intentionally denied PROPER Medical Care, treatment and Assistance.

SEE

## II STATEMENT OF FACTS

THIS STATEMENT OF FACTS is based on turthful an also undisputed Facts in the Second Amended Complaint and documents attached to the Pleadings Filed by Plaintiff. Because these Facts are limited to those Contained in the Second Amended and attached documents For PURPOSES OF REBUTTAL

OPPOSITION. In reviewing THE Complaint THE Court Construes It liberally and draws all reasonable inferences from facts in Plaintiff favor. MATTER incorporated by reference or integral to Claim. Items subject to Judicial notice. Matters of public record or can easy get acess to, order, items appearing in the record of the case, and exhibits attached to the Complaint whose authenticity is unquestioned.

1. On MAY 23, 2018 Plaintiff was and still is "ILLEGALLY Being Detain at ElDorado Correctional Facility [Doc.25]

2. While being transported from E.D.C.F by defendants Dowling and Corby Defendant Dowling Cause this Vehicle collision by committing the crime of texting and driving. Defendant Corby failed his DUTY TO INTERVENE. SEE Doc 25. p.4

3. Plaintiff's undisputed facts and turthful claim that I was Injured in the automoble crime As A DIRECT Result of Defendants Dowling and Corby deliberately indifferent. In that Plantiff received A bruised Spinal Cord and damage nerve. SEE Doc 25. Pg 5 Pg 16

4. Plaintiff turthful claim that Defendants Dowling and Corby Intentionally "denied" proper medical care. treatment. and assistance by emergeny medical personell at crime site, because Defendant believed Plaintiff was actting and or FAKEN like He was Injured an also refuesed to take Plaintiff to hospital. SEE Doc 25 P 9-10 P 17

5. Plaintiff turthful claim that Defendants Dowling and corby both decided that A van would be called to get Plaintiff After "calling" Emergency personell for everyone else. SEE Doc 25 Pg 9-10. Pg 17 P

6. Plaintiff turthful claim that after the automoble crime He informed Defendant Dowling that asks Plaintiff IF HE was OK. SEE Incident REPORT OF Dowling p 74  Doc. 25

7. Plaintiff turthful claim that informed Defendant Dowling that He was Injured and in PAIN and needed to be seen and treated by emergency medical personnel or talken to hospital

8. Plaintiff turthful claim that Defendant Dowling laughed at the Request. mocked Plaintiff and told Plaintiff he did not believe Him Doc 25. Pg a

9. Defendant Dowling did not believe Plaintiff was Injured even after stripping Him out For Transport. Defendant Dowling state I noticed BrownLEE Moving abnormally So I ask Him what was Wrong. SEE Doc 25 p 74 (Incident Report of Dowling)"

10. Plaintiff turthful Claim upon arriving on the Crime Site He made Know to [MCCollough] that He was Injured unable to walk [and] needed Medical Care, treatment and assistance to [EXit VAN]. SEE. Doc 25 P 16

11. Defendant Dowling informed Defendant Mccollough that Plaintiff was acting like He could not move His Leg. SEE Doc 25 P 74 "(Incident Report of Dowling).

12. Plaintiff turthful Claim He was [maliciously grabbed and druged out of wrecked VAN] and [thrown Into another VAN "Removing Plaintiff From Crime Site" befor Plaintiff was able to give Statement to Responding officers. SEE Doc 25 P 16

13. Plaintiff turthful Claim He was transported back to E.D.C.F and was Threaten, laughed at and also called out of His name as He was Forcefully and maliciously grabbed and pulled to Floor of the VAN Kneed and Punched. SEE Doc 25 P 11

8

14 Plaintiff turthful claim that had Defendant Dowling and Corby not intentionally denied proper medical care, treatment and assistance at collision. Because they disbelieve plaintiff was insured. Doc 25 Pg 9-16

15. Plaintiff would have received proper medical care, treatment and assistance and or diagnosis and would not have been mishandled and attacked by Defendant Mccollough SEE Doc Pg 9-16

16. Plaintiff turthful claim Defendant Mccollough caused THE unnecessary and wanton infliction of PAIN. Causing Further PAIN. Two disc From Plaintiff Spinal Cord push aginsts His Sciatia Nerve causing permanent damge. SEE Doc 25 P. 12

17. Plaintiff turthful claim E. D. C. F medical staff Doctor Harrod was Informed about the Collision by Defendant Mccollough.

* 18. Plaintiff turthful claim Doctor Harrod stated that Plaintiff Should have Been taken to A Hospital. SEE Doc P12

19 Plaintff turthful claim Defendant Mccollough attempted to have Doctor Harrod to SEND Plaintff Back to His cell with no treatment. MR Harrod ask Defendant Mccollough Why was I Still Handcuffed. SEE Doc 25 P12

20. Plaintiff furthfully Claim MR. Harrod did an assessment on Plaintiff decicded that His Injuries were so severe He needed immediate medical assistace. SEE Doc 25 P. 12

21 Plaintiff turthfully Claim Doctor Harred and K.D.O.C STAFF From TOPEKA sent Plaintiff to outside Doctor's and they also determen that these incident caused severe Indurijes and Permunent damage an I recieved treatment from outside Doctor's SEE Doc 25 P. 12

22 Plaintiff turthfully Claim that In Fact it was "Defendant Dowling that ask IF Plaintiff was Ok and that Defendant Corby call EMERGency services "For everyone But Plaintiff". SEE Doc 25 (Incident Report OF Defendant Dowling)

23. Plaintiff turthfully Claim In his Inmate Request to Staff Member date 5-28-2018 Plaintiff MADE A misstatement that Defendant Corby ask IF I was OK. SEE Doc 25 P 12

24 Plaintiff turthFully Claim He was on multiple musle Relaxers PAIN Shots and medication [IF] was IN Fact Dowling that ask I was OK At Frist but then turned Nasty. SEE Doc 25. p 9

25. Plaintiff turthfully Claim K.D.O.C STAFF REFused to Help Plaintiff Complete GRIEVANCE PROcess wich is A Direct violation of 44-15-102 procedure 11 and other rules policiy and

Procedure SEE Doc 25

27. It's Undisputed Plaintif attached to his Second Amended Complaint and othe Pleading documents in support that he exhausted All Available Administrative Semedies. Doc 25-1 SEE

28 Plaintiff turthfully Claim "His Inmate Request to Staff Member dated 5/28/2018" is the Firts step to the grievance Process in attempt an informal resolution with Unit team member" SEE Doc 25-1 p. 8

29 Plaintiff turthfully Claim His Inmate Request to Staff Member dated 5/28/2018 "was Attached" to the Inmate Grievance Form." Grievance Receipt dated 5-28-18." SEE Doc 25-1 p11

30. Plaintiff turthfully Claim In his Special Procedures Correspondence. TO THE Worden Plaintiff Stated STAFF memebers did not Follow THE PROPER PROCEDURE When I was denied on Site MEDical & REFused to be taken to hospital SEE Doc 25-1 p 14 "Dowling & Corby"

31 In His SPecial Procedures Correspondence. TO SECRETary OF Correction Plaintiff Stated AFTER Accident I Requested to be SEEN by on Site Ambulance or TAKEN to hosi.ptal." It was

11

Dowling & Cosby⁶). SEE Doc 25.1 p 16-17

32. REPORTING A Crime and the cover up of that Crime
Involing (7) Juvenile Children is A Special Kinds of
Problems. It was Proper. SEE Doc 25.

# III ANSWERS TO QUESTIONS PRESENTED

A. Plaintff Exhausted All Available Administrative Remedies.

B. Count I Does State a Claim For deliberate indifference to
a Serious Medical Need against Defendant Dowling!

C. Plaintiff Request For the Court to Consider the issue
that already in the SAC!

# IV. STANDARD OF REVIEW
A. Standard For Motion to Dismiss

THE standard used For FED. R. CIV P. 12 (b) (6) Motions is
used For § 1915 dismissals. and this includes the Newer
language and meaning taken From Twombly and it's
Plausibily determination. SEE KAy v. Bemis. 500 F .3d at 1214
1218 ( 10th cir 2007) Cert. denied 558 U.S 1148 (2010).As A Result
. Courts "look to the Specific allegations in the Complaint

to determine whether they Plausibly support a legal claim For relief = KAY 500 F 3d at 1218. THE TENth Circuit has made clear "that to State a claim in Federal Court. a Complaint Must explain what Each defendant did to [the PRO SE PlaintiFF]: and what Specific legal right the Plaintiff believes the defendant Violated. Deciding A MOTION TO Dismiss FOR Failure to Exhaust administrative Remedies is a two-Step process. First the Court looks to the Factual allegations in the defendant Motion to Dismiss and those in Plaintiff Response and if they Conflict takes the Plaintiff's versions of the facts as true.

## B Standard For Construing PRo se Pleading

A Court liberally Construes a PRo SE Complaint and applies " less Stringent Standards than Formal Pleadings drafted by lawyers": Erickson V. Pardus, 551 u.S 89. 94 (2007). In addition. the Court accept all well Pleaded allegations in the Complaint as true. Anderson V. Blake. 469 F 3d 910. 913 (10th cir 2006).

## V. ARGUMENT AND AUTHORITIES.

A. Defendants MOTION TO Dismiss "SHALL & Must BE Denied Doc [      70] Because Plaintiff has exhaust All

Available Remedies. THE Defendant and their their Attorney are attempting to commit "FRAUD" the Courts. and K.D.O.C an It's STAFF member's HAVE Failed to Follow it's own RULE. Regulation Policies and Procedure it has SET Forth with in the K.A.R

An inmate must take Four Steps to Complete the grievance Process (1) Attempt an Informal Resolution with Unit Team members; (2) Submit a grievance to an appROpriate Unit team member; (3) Submit a grievance to the warden OF the Facility; and (4) Appeal to the Secretary OF Corrections.

Here, Plaintiff did Complete the K.D.O.C grievance Process that was available Prior to Filing the Instant action.

As demonstrated by the documents attached by Plaintiff to his Pleading to date, Plaintiff PROPERly and timely appeal to the Secretary OF Corrections as Required by the Four Step grievance Process SEE. K.A.R 44-15-101 (b) (c) (d) (e) (F) (g); 44-15-102 (a)' (b)' (c) (d) (e) (F) (g)" SEE also Doc 1-1 Doc 25-1 and Exhibit   Declaration OF GUSTIN C BROWNLEE "STEP 1" Plaintiff attached A Inmate Request To STAFF member OKONSOLU "SAMSON" dated MAY 28, 2018 that was "attached to the Inmate Grievance" K.A.R 44-15-101

(b) "STEP 1" attempt an informal resolution with unit team member. That attempt "SHALL be Documeted" THE "Inmate Request FORMS may be used to documet this process." SEE Doc 25-1 P8 ALSO SEE "Grievance Receipt "#1" date 5-28-18 Doc 25-1 P11[12] which would make the latest deadline to appeal to the warden JUNE 17, 2018

Defendants "incorrectly and Falsely claim that the latest Deadline is June 4, 2018 is ~~~~ SEE Doc [70] P.9 Doc [39] P. 7 "June 4, 2018 is incorrect." Williams V. Franklin 302 Appx. 830 (10th Cir 2008) THE Courts resecting determination OF untimeliness that was obviously wrong.

"STEP 2" Unit Team member ORONSOLU (SAMSON) Submitted Plaintiff's grievance to Unit Team manager Richard Hoover who did not Respond in A Timely MATTER. SEE Doc 25-1 PP 14-15 "Special Procedures Crrespondence to THE warden"

Unit Team Manager Richard Hoover violated K.A.R 44-15-101 (c) by REFUsing to answer Plaintiff's Grievanc imposing additional hardship upon Plaintiff, (e) Refuse to assit plaintiff in obtaining copies OF supporting material necessary to complete the grievance procedures. (F) REFUSE to Sign, date and Return Plaintffs grievance SEE K.A.R 44-15-101 (c)(e)(F)

15

U.T. M Hoover Failure to respond to Plaintiff's grievance within the time limits contained in the grievance policy and along with His disregard for K.A.R 44-15-101 (c) (e)(f) an also a Inmate Right to A "Due Process" Renders the "STEP 2" administraive remedy unavailable "A dead end" SEE Blake v. Ross 136 S. Ct .1850 (2016)

Defendants incorrectly and falsely claim after Appeal deadline to the warden. Plaintiff improperly submitted a special kinds of Problems Grievance to the Secretary of Corrections. SEE Doc [70] P 9 an also SEE DOC [39] P. 7 Williams v. Franklin. 382 AppX 830 (10 cir 2008)

"STEP 3" Plainitff Timely Appealed To the warden Snydor on or around June 17. 2018 without the unit team Signature on a grievance Report Form SEE Doc 25-1 P 12-13 "#2 Grievance Receipt" by Sanchez. Plaintiff Request that the courts take notice that the date on the Second Receipt is incorrect but it Clear to SEE that both Plaintiff's and Mr. Sanchez Signature are done with Different ink Pens an also Mr. Sanchez gave Plaintiff incorrect receipt." Plaintiff Put incorrect date but It was Mr Sanchez Duty to ~~sign~~ & date. SEE 44-15-101 (F) "No staff Member Shall Refuse to sign & date" 44-15-102
b) 1(E) the date on which the completed grievance Report was delivered"
~~Two days After the Appeal deadline to App~~
Two days After the Appeal deadline And After Timely Appealing Plaintiff Properly submitted A "Specials kind of Problems Grievance to warden Snyder date June 19. 2018 SEE Doc 25-1 P

14-15 Within THE First line Plaintiff stated to the warden Snyder "I completed All Lower Stages of the grievance process At E.D.C.F. SEE Doc 25-1 P 14-15 Plaintiff Attach A copy of that grievance Appeal" (Attachment A will better explain)" SEE Doc 25-1 P 14-15

Within Plaintiff's PROPERLY submitted Special Kinds of Problems Grievance to warden Snyder. HE than address the unit team's lack of timely Response with Warden A second time PER K.A.R 44-15-102 (a)(2) Unlike Smith v. Roberts 393 P. 3d 1058 (table opinon) 2017 "Plaintiff did not bypass the warden and Request a Resolution through the special kinds of Problems Grievance Regulations with the Secretary of corrections like the Defendants are incorrectly & Falsely claiming" SEE Doc 25-1 14-15, 12-13.

Plaintiff's timely Appeal to Warden Snyder was not answer or No Response was given in the time allowed by the K.AR 44-15-102 (3)(A)(iii) Each inmate grievance Report Form "SHALL be returned" to the inmate with an answer within "10 working days" From the date of Receipt.

Warden Snyder violated K.A.R 44-15-101 (c) At each stage, all grievances Shall be answered in as Short time as Possible to insure that delay will not impose additional hardship upon the inmate or unnecessrily Prolong

Misunderstanding. (F) No Staff Member SHALL refuse to sign, date, and return an inmate request form, "an inmate grievance form" or a grievance receipt slip showing that the inmate came to that person for assistance.

Warden Snyder violated K.A.R 44-15-102 (3)(a)(iii) "Each inmate grievance SHALL be returned to inmate with an answer within 10 working days" from the date of Receipt. (c) In all cases. the original and one copy of the grievance report "SHALL be returned by the warden to the inmate". The copy shall be retained by the inmate for the inmate files, "The original may be used for Appeal to the Secretary if the inmate desires" (F) Any grievance Report forms may be Rejected by the warden" if the forms does not document any unit team action as required for preliminary informal Resolution process. THE Grievance Report Form SHALL then be sent back to the unit team for an immediate answer to the inmate.

Warden Snyder Failure to respond to Plaintiff's Timely Appeal an also Plaintiff Properly Submitted Special kinds of Problems "Reporting A crime involving "7" Kids" within time limits Contained in the grievance Policy an along with his disregard For K.A.R 44-15-101(c) (F) 44-15-102 (3)(a)(iii) (c) (F) An also a Inmate Right to a "due Process" Renders the "STEP 3" Administrative remedy unavailable." (A Dead END ) SEE Blake

V. Ross 136 S. Ct 1850 (2016) also see Gibson v. Weber. 431 F.3d 339
341 (8th Cir 2001)

"STEP 4" SEE K.A.R 44-15-102 (3)(6) IF NO Response is Recieved
From the warden in time allowed. "any grievance may be
sent by an inmate to the Secretary of Corrections with
explanation of the Reason For the delay.

Plaintiff Timely Appealed to the Secretary of Correction by
Submitting A grievence with an appeal Form, handing it to her
For transmittle to the U.S mail Box. "U.T SHEILA MERCER"
SEE Declaration of Gustin C BrownLEE At the time E.D.C.F had
No System of logging or Recording when A Inmate hand over
mail to transmitt to the U.S mail Box. SEE Mason v CORizon.
Inc. 2015 WL 10434528 also SEE Davis v Hedgpeth. 2010 WL 308035.
#3 (E.D.Cal. Jan 14 2010) an also SEE Declaration of Gustin C BrownLEE


Plaintiff Ask the Court to take "Judical notice" To THE
FAct that E.D.C.F was On A Facility Lock Down Due
To A Riot that took Place On or around [July 1. 2018]
"Miller v Toxicology"

_____

¹THE Declaration of Gustin C BrownLEE is provided only to assist
the court in organizing the various documents that have
Previously been provided by Plaintiff an also ~~the~~ to assist with
Misclaculation of the Deadlines and Facts. THE at issue Special Kinds

Plaintiff Timely appeals to the Warden and to the Secretary of Corrections as required steps for exhaustion under the PLRA. SEE K.A.R 44-15-101 d 44-15-102 (a)-(G) and Plaintiff did complete them befor pursuing his 1983 Claim. SEE Doc 25-1 P 12-13 #2 Grievance Receipt by C.O SANCHEZ an also SEE Declaration of Gustin C BROWNLEE "Unlike" Little v. Jones. 607 F.3d. 1245. 1249 (10th Cir 2010) (Plaintiff has exhaust All available administrative Remedies Prior to Filing his lawsuit regarding Prison conditions in Federal Court.") "Unlike" Jernigan v. Stuchell. 304 F.3d 1030. 1032 (10th Cir 2002) (Plaintiff Completed the Grievance Process and is not barred From pursuing a 1983 Claim Under PLRA LI") SEE

In addition. in responding to co-defendants motion to Dismiss [Doc. 56] Plaintiff made it Clear that He comply with the exhaustion requirements and Stated DUE to the officials themselves Failing to Comply with grievance Procedures Reduces them unavailable.

As noted in the grievance procedure. IF the inmate does not receive a response at ~~"step two within in ten days~~

~~_____~~

of Problems Grievance which is attached to the Declaration, has previously been provided to the court by Plaintiff at Doc 25-1 PP 16-17: and Doc 25-1 PP 14-15  Doc 21-1 p. 15 [2nd] Plaintiff is arguing He attached an Inmate Request to STAFF member to his Grievance dated MAY 28. 2018

Calendar days" or "STEP THREE within TEN working DAYs" "From the date of Receipt, the inmate can move to the next step in the process but must do so within three days of that deadline. Lindsey v. Cook SEE K.A.R 44-15-102 (a) 2, (b), (b) (3)(A)(iii), (G), (C) (1) "(2)" As demonstrated by the documents attached by Plaintiff to his pleading to date, Plaintiff Properly and timely appealed to the warden an also to the secretary of corrections as required by the Four Step Grievance Process. SEE Doc 25

Plaintiff attached A Inmate Request to staff member date MAY 28, 2018 that was attached to A grievance FORM. an also A Grievance Receipt #1 Also date MAY 28, 2018. (Doc 25-1 P 8 & Doc 25-1 P 11 or 12) Which makes the Defendants "incorrect" that the latest deadline to appeal to the warden is June 4, 2018. Plaintiff timely Appealed to the warden. (Doc 25-1 P 12 or 13 Grievance Receipt #2 "SEE page 15 OF this REBUTTAL Opposition") Plaintiff Properly Submitted A Special kinds of Problems Grievance to the warden (Doc 25-1 P 14-15) Which makes the Defendants "Incorrect" That after the appeal

Plaintiff has also Provided A Grievanc Receipt date 5.28.18. Using the Inmate Request to attempt an Informal Resolution is STEP1 make the deadline to Appeal to warden OF June 4, 2018 an also June 10, 2018 incorrect Plaintiff timely Appeal to the warden SEE Grievance Receipt 2

deadline, plaintiff improperly submitted A Special Kinds
of Problems Grievance to the Secretary of Correction. "SEE.
Declaration of Gustin C BROWNLEE". Plaintiff timely Appealed
to the secretary of correction. An After was Instructed
By U.T SHEILA MERKER to Report the crime and the FAILURE
of the E.D.C.F STAFF to comply with grievance Procedures. by
Using 44-15-201. ON August 14, 2018. the Secretary
Improperly Sent the Grievance Form and the explanation
Letter back to Plaintiff. (Doc 25-1 p 16-17) (Doc 25-p 10)
THE Secretary Failed to comply with grievance procedures
SEE K.A.R 44-15-102 (G), (C) (4) an also SEE 44-15-201
"Reporting A crime" Texting in driving "involving JENNIFER
DUTTON and her 7 JUVENILE CHILDREN" is A difficult complex
Problem." (Plaintiff Provided Documentation to the secretary that
U.T.M Hoover, Warden Snyder Failed to handled the Reporting
of this crime & Violation of Plaintiff Rights "internally under
the "inmate grievance Procedure)"

   Plaintiff has Demonstrated ~~that~~ by the documents
attached to the Complaint, that the K.D.O.C STAFF
Members Failed to comply with their own rules, Policy
and Procedure. SEE Doc 25  THE Unit Team members, the

22

Warden an also the Secretary. All Received this grievance Complaint and All three Resulted with "A DeadEnd" by Violating and or Misappling their Own Rules, Policy and procedure. Consistently unwilling to Provide Plaintiff any relief.

Plaintiff has Demonstrated that the process is too "opaque" and "incapable of use". the rules are "so Confusing that MB TRACY M. Hayes Cant Figure Out How to Use them. SEE Doc 70 & of THE Defendant Arguement about Statements by U.t Mercer is incorrect because their deadline is incorrect.

Plaintiff has Demonstrated that I Exhaust All Available Steps For Exhaustion Under the PLRA. SEE Ross v. Blake U.S. 136 S Ct 1850 1858 (2016) In Ross. THE Supreme Court held that an administrative procedure is Unavailable Under the PLRA When either (1 it Operates As a simple dead end with OFFICERS Unable or Consistently unwilling to Provide any relief to aggrieved Inmates (2) It is So opaque that it becomes Practically, Speaking Incapable of Use' OR Prison through machination, Misrepresentation or intimidation Ross, 136 S Ct at 1859-60

23

For A Remedy to be available it must be capable of use for the accomplishment of its purpose. "Plaintiff GUSTIN C. BROWNLEE Has demonstrate that the grievance procedure was subjectively and objectively unavailble to him"

A.2 Duplicative Grievances why rehash the same issues repeatedly?

If the grievance was not successfully exhausted holding that a new grievance cannot successfully exhaust because of an earlier blunder would make the remedy unavailable in the most literal sense. This point will generally be academic when the issue is a on time event, Sine THE K.D.O.C grievance deadlines are too short to allow a timely second grievanc

THE Defendant's MOTION "SHALL" & "MUST" BE Denied.

B. Coun 1 as to Defendant corby MOTION TO TO Dismiss Doc [38¢39] "SHALL" be & "MUST" be Denied Because Plaintiff has state A claim Upon wich relife can be "Granted".

1. Defendant's Corby an also Dawling were

24

Both Acting unders THE color of State law SEE
Doc 25, P 2

2 Defendant Corby an also Dowling violated Plaintiff
Eight Amendment rights secured by the
Constitution

PlaintiFF HAS "ESTABLISH" deliberate indifference to
serious medical needs. Estelle V. Gamble 429 U.S
97, 106 (1976)

Objective Componet
Defendant Corby an also Dowling Denied Plaintiff's
Medical care, Treatment and assistance, Because Both
Corby and Dowling disbelieved Plaintiff Complaints
of injuries. SEE Goebert V. LEE County 510 F 3d
1312, 1327-28, 1331 (1) (11th cir 2007) believed Plaintiff was
Acting and or Fake'N like He was Injured. SEE Doc 25 P
an also see AFFIDAVIT of Facts P an [ KANSAS Department
Corrections incident Report of Defendant Dowling]

THe PAIN and depsivation Plaintiff was put in was
sufficiently serious SPruill V. Gillis 372 F3d 218
236 (3d Cir 2004) Young V Harris, 509 F. supp IIII, III3 (S.
Y 1981) SEE Doc 25 P 5, 6, 9

THe Denied Defendant's Corby and Dowling Denie

On site medical care treatment and assistance
and refusal to take ~~medical~~ Plaintiff to hospital
Constitutes an Eight Amendment violation where
the Plaintiff can show that the denial resulted
in substantial harm

1. Plaintiff was mishandle by Transport in STAFF liberations
McCollough who Attacked ← Plaintiff causing lifelong
handicap permanent loss an also considerate pain."
Requena V. Roberts, 893 F. 3d 1195, 1216 (10th cir
2018) cert. denied --- U.S---, 139 S ct 800, 2021, Ed.
2d 584 (2019).

2. Plaintiff was made to wait inside of parking van
for what felt like Forever on new transporting
van In Alot of pain. See Mata V. Saiz, 427 F. 3d
745, 752-55 (10th cir 2005) see also Rife, 854 F. 3d at
642-43, 653-54 McGowan v morales 945 F3d
1276, 1291-92 (10th cir 2019)

~~Subjective~~ com
Subjective component
Defendant's Corby and Dowling ~~both were aware of~~
Facts Knew of and disregarded an excessive
risk to Plaintiff Health and Safty.

25

Subjective componet
Defendant Corby and Dowling knew of and disregard
an excessive risk to Plaintiff Health and safty.

Corby an also Dowling both were aware of facts from
which they could have drawn inference that a
substantial risk of serious harm exists.

1 Defendant Corby an also Dowling both knew that
Plaintiff was suffering & significant pain He told
officer that he had previously injuries and that
He re-injured these injuries and He repeatedly told
Defendant Dowling an also Corby He was in
excruciating pain. SEE Doc 25 p 16 (3) AFFIDAVIT
OF FACTS Also SEE I KANSAS Department of corrections
Incident Report of Defendant Dowling, I SEE Doc 25
P 8 (4) p 9 P10 ECT SEE also Sealock V. Colorado
218 F. 3d 1205, 1210 n 5 (10th cir 2000)
Mata V Saiz, 427 F 3d 745 752 (10th Cir 2005)
Holt V mcBride 539 F App1 683

2. Plaintiff has alleged additional injuries caused
by Corby an also Dowling deinying medical care
treatment an assistance SEE Doc 25 p 9-10 ect
supporting facts also SEE Affidavit of facts. Plaintiff
states that Doctor Harrod stated that Plaintiff
Should have Been taken to Hospital and also

26

Dr. Harrod did have Plaintiff transferd out of Facility and it was determin, that these incident cause severs Injury, and Permonont damage. SEE Doc 26

Furthmore in documents attached to second Amendent Complaint. Is A PART OF THE Dysfunction Grievance Procedure THAT K.D.O.C & E.D.C.F OFFIcials violated them self While an at the Same time trying to Hold The illegally detained Plaintiff to the highest standor, SEE Rebuttal oppostion statement of facts 21-22 Therefore, Plaintiff Claim For deliberate indifference against Corby on also Dowling "SHALL" & "MUST" STAND AS A MATTER OF LAW because Truthful claims contained in second Amended complaint and exhibits do satisfy the Subjective Componont

C. Count II Defendant McCollough Motton to Dissmiss must Be Denied or SHALL BE Denied Because Plaintiff has stated A Claim Which relife "SHALL" BE and "MUST" BE Granted For deliberate indifference to a Serious medical

27

B Count I as to Defendant Corby motion
To Dismiss "SHALL" and "must" BE DENIED
Because Plaintiff has stated A claim
Upon which relief can be "granted"
1. Defendants Corby treating Roth was Acting UNDER THE Color of
state law SEE Doc 35
2. Defendant Corby an also Dowling both Pa
violated Plaintiffs Eight Amendment
right secured by the constitution

Plaintiff has "ESTABLISH" deliberate indifference
to serious medical needs. Estelle v. Gamble
429 u.s 97, 106 (1976)

Objective Component
Defendant Corby an also Dowling Denied
Plaintiff medical care Because Both corby
and Dowling disbelieved Plaintiff Complaints
of injuries SEE Goebert v. LEE County, 510 f 3d
1312, 1327 -28, 1331 (1) (11th Cir 2007) believed
Plaintiff was Acting and or Fakein like He
was Injured SEE Doc 25 P5 also SEE
AFFIDAVIT OF Fact E KAW also SEE [ KANSAS
Department of Corrections incident Report
of Defendant Dowling

The PAIN and depsivation Plaintiff was
Put in was sufficiently Serious SEE Doc

28

To Further, SEE REBUTTAL OPPSITION STATMENT OF FACTS
6 That Defendant Corby and dowling decided that
Plaintiff would be transferred back to the Facility
also See AFFIDAVIT OF Facts
The

B2 UNSAFE Conditions
Defendants Dowling and Corby were deliberately
Indifferent that exposes Plaintiff and others To an
Unreasnable harm


Here Plaintiff Attached documents to his pleading to
date Showing the Courts that Defendant Dowling committed
the Crime of texting and driving while operating the
transport VAN. Defendant Corby Failed to intervene
and by Failing to restrain Plaintiff in VAN the
Correct Way.

1 Plantiff was exposed to a Serious harm
SEE Doc 25  AFFIDITI OF FACTS
2 Defendant Corby knew of the Condition and did
not respond to it in a reasnable manner
SEE DOC 25 AFFIM:I OF FACTS

3 Plaintiff has maintain that A Violation on his
Eight Amendments rights under the U.S Consitition
Wofint

29

# VERIFICATION

I have READ THE FOREGOING Rebuttal OPPOSTION hereby VERIFY that matters Alleged there in Are true & Correct

Keith Brown

# CERTIFICATE OF SERVICE

I hereby Certify that on the 16 day of NOVEMBER the Foregoing Rebuttal OPPOSTION was E-Filed at E. D. C. F

Excuted At El Dosato CoRRectional Facility ON 11-16-23