IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| GUSTIN C. BROWNLEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.   20-cv-03122-JAR-GEB |
| | ) |
| BRETT CORBY, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DOWLING'S REPLY IN SUPPORT OF MOTION TO DISMISS**
**[DOC. 69]**

COMES NOW Defendant Eyman Dowling and provides the following Reply in Support of his Motion to Dismiss [Doc. 69]:

**A. Plaintiff's Second Amended Complaint [Doc. 25] should be dismissed as Plaintiff has failed to exhaust his administrative remedies**

In Plaintiff's "Rebuttal Opposition to Defendant Dowling's Motion to Dismiss" [Doc. 90] (hereinafter "Response"), it appears that Plaintiff admits that he did not properly exhaust his administrative remedies but argues that is because they were unavailable.

The PLRA requires an inmate to exhaust all available administrative remedies before bringing a § 1983 claim about prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 520 (2002). As argued in Defendant's Motion, the KDOC Grievance Procedure for Inmates is set forth in K.A.R. § 44-15 101 *et seq*. Plaintiff concedes in his Response that an inmate must take four steps to complete the grievance process. As noted in the grievance procedure, if the inmate does not receive a response at steps two or three within ten days, the inmate can move to the next step in the process but must do so within three days of that deadline. *Lindsey v. Cook*, 19-3094-HLT, 2021 WL 483855, at *3 (D. Kan. Feb. 4, 2021); K.A.R. § 44-15-102(a)(2), (b), (b)(3)(A)(ii), (G), (c)(1). As demonstrated by the documents attached by Plaintiff to his pleadings

to date, Plaintiff failed to properly or timely appeal to the Secretary of Corrections as required by the four-step grievance process. *See* K.A.R. 44-15-101(b), (d); 44-15-102(a)-(c); *see also* Doc. 1-1; Doc. 21-1; Doc. 25-1; and Doc. 39-1. At no point in the controlling Complaint or Plaintiff's Response to the Motion to Dismiss has Plaintiff alleged that there were any additional attempts by him to comply with the grievance procedure that would constitute a legally timely appeal to the Secretary of Corrections.

Plaintiff attached a grievance form dated May 25, 2018 (Doc. 25-1, p. 10), which would make the latest deadline to appeal to the warden June 4, 2018 (Doc. 25-1, pp. 14-15). He did not timely appeal.[1] Instead, after any appeal deadline, Plaintiff improperly submitted a Special Kinds of Problems Grievance to the Secretary of Corrections. *See* Doc. 25-1, pp. 16-17. On August 14, 2018, the Secretary of Corrections sent the "Specials Kind of Problems Grievance" back to Plaintiff noting that it was improper and Plaintiff was to follow the proper grievance procedures. *See* Doc. 21-1, p. 15. However, Plaintiff did not ever follow the proper procedure and timely appeal to the Secretary of Corrections as required by the KDOC grievance process.

In his Response, it appears that Plaintiff is arguing that he did not complete the grievance process because he did not receive a response and therefore, the grievance process was unavailable. Simply failing to respond to particular grievances does not make the process a "simple dead end." *Ross v. Blake*, 578 U.S. 632, 643 (2016). A "dead end" requires a wholesale failure to ever respond to grievances such that "the facts on the ground demonstrate" that no possibility of any relief exists.

---

[1] It appears Plaintiff is arguing that the grievance was dated May 28, 2018. Regardless, the deadline to appeal to the warden based on that date would be no later than June 10, 2018. But by Plaintiff's own admission, his alleged appeal to the warden and the "special procedures" grievance he allegedly sent to the warden were filed late on June 17 and 19, 2018. Furthermore, even if the alleged June 17, 2018, appeal was considered a timely appeal to the warden, the deadline to appeal to the Secretary would be June 30, 2018. However, again, based on Plaintiff's own admission, the "special procedures" grievance he sent to the Secretary is dated July 3, 2018. Even his alleged attempt to submit a grievance appeal form on July 1, 2018, to UT Mercer (Doc. 58 at 16) was after the deadline. Therefore, Plaintiff failed to comply with multiple relevant deadlines and used the wrong procedure (the "special kinds of problems" procedure).

2

*Id.* Tenth Circuit precedent establishes that when the regulation explicitly provides for an appeal after a failure to respond (like in K.A.R. 44-15-102(a)(2), (b), (b)(3)(A)(ii), (G), and (c)(1)) that remedies *are* considered available:

> While we agree that the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable, [citations omitted] that is not what happened here. . . . [T]he grievance policy contains time limits on responses, and also provides that if an inmate does not receive a response from the warden within thirty days after submission of the grievance, the inmate may send the grievance with evidence of its prior submission to an administrative review authority.
>
> [The inmate] may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default. This would trivialize the Supreme Court's holdings in *Booth* and *Porter* that exhaustion is now mandatory.

*Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002) (citing *Booth v. Churner*, 532 U.S. 731, 740 (2001) and *Porter v. Nussle*, 534 U.S. 516, 532 (2002)); *see also Lindsey*, 2021 WL 483855, at *3 (discussing the remedy available to KDOC inmates when prison officials do not timely respond); *Brown v. Schnurr,* No. 22-3183, 2023 WL 5163987, *4 (10th Cir. Aug. 11, 2023).[2]  Simply put, based on this precedent, Plaintiff cannot merely allege that the grievance procedure was unavailable, but must present a viable theory for why and how the grievance procedure was unavailable.

Plaintiff also appears to argue that the process is too "opaque" and "incapable of use." But to be so "opaque" as to be unavailable, the rules have to be "so confusing that no reasonable prisoner can use them." *Ross*, 578 U.S. at 643-44.  The 10th Circuit in *Brown*, 2023 WL 5163987, at *5, has found that the KDOC grievance process is not too opaque or "unknowable."  Therefore, the grievance process was not unavailable and Plaintiff was required to comply prior to filing suit. As he failed to do so, this Court should dismiss Plaintiff's claims for failure to exhaust.

---

[2] Note that *Jernigan, Booth* and *Porter* were all decided on Rule 12(b)(6) motions.

### B. In the alternative, Count I as to Defendant Dowling should be dismissed as Plaintiff has failed to state a claim upon which relief can be granted

"In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution." *Richey v. Ferguson*, 05-5162, 2007 WL 710129, at *18 (W.D. Ark. Mar. 6, 2007). "Mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983." *Id*. A mere difference of opinion regarding medical care does not support a Section 1983 claim. *Sandifer v. Green*, 126 Fed.Appx. 908, 911 (10th Cir. 2005).

In his response, Plaintiff has merely stated the elements of proving a claim for deliberate indifference. As argued in the Motion to Dismiss, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment **does not** state a constitutional violation." *Sandifer*, 126 Fed.Appx. at 911 (citation omitted) (emphasis added). Further, a claim for deliberate indifference based on delay must allege substantial physical harm resulting from the delay in treatment. *Bafford v. McNickle*, 08-3095-SAC, 2009 WL 2899802, at *2 (D. Kan. Sept. 4, 2009).

Plaintiff has only alleged injuries as a result of the automobile accident.[3] Plaintiff has not alleged any additional injuries caused by the alleged "delay" of medical care by Defendant Dowling. Although Plaintiff has alleged he was "denied" medical care, in his Response and the Second Amended Complaint, he admits he was in fact provided care by Dr. Harrod.

A Section 1983 claim cannot survive when there is merely a disagreement on what type of medical care should be received --- in this case, care at the scene by EMTs versus medical staff at EDCF. *See Smith v. Harvey County Jail*, 889 F.Supp. 426, 430 (D. Kan. 1995). Plaintiff's own allegations and his Response to the Motion demonstrate that he was receiving care from EDCF

---

[3] The Court has previously dismissed the claims against Defendants as it relates to the accident itself. *See* Memorandum and Order, Doc. 22, p. 8.

medical staff, just not the care he wanted to receive. Further, his injury was not so urgent to require treatment at an emergency room, as demonstrated by the fact that Dr. Harrod did not have him transferred out, and instead provided treatment in the infirmary at EDCF.

Therefore, based on the above and foregoing, Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Dowling and Defendant Dowling should be dismissed from this action.

WHEREFORE, Defendant Dowling requests an Order from this Court dismissing Plaintiff's Second Amended Complaint, and for such other relief as is just and necessary.

Respectfully submitted,

 */s/ Tracy M. Hayes*
Tracy M. Hayes        KS #23119
SANDERS WARREN & RUSSELL LLP
Compass Corporate Centre
11225 College Blvd., Suite 450
Overland Park, KS  66210
Phone:  913.234.6100
Fax:      913.234.6199
t.hayes@swrllp.com
**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November, 2023, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I hereby further certify a copy of the foregoing was sent via U.S. Mail postage prepaid to the following:

Gustin C. Brownlee #73693
EL Dorado Correctional Facility – Central
PO Box 311
El Dorado, KS 67042

 */s/ Tracy M. Hayes*
**Attorney**