Rev. 1/6/2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GUSTIN C. BROWNLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-3122-JAR-GEB |
| ) | |
| BRETT CORBY, EYMAN DOWLING, ) | |
| and ALEX McCOLLOUGH, ) | |
| ) | |
| Defendants. ) | |

## PHASE I SCHEDULING ORDER

On **December 4, 2023**, the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a status conference. Plaintiff Gustin C. Brownlee appeared *pro se* by videoconference. Defendants Brett Corby, Eyman Dowling, and Alex McCollough appeared through counsel Tracy M. Hayes by videoconference.[1]

After consultation with the parties, the court enters this phase I scheduling order, summarized in the following table:

**1.     Discovery.**

   **a.**     All written discovery must be commenced or served in time to be completed by **February 14, 2024**.

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

      **b.**    Unless agreed upon by the parties, depositions will not be taken until after the next status conference.  *See* paragraph 3.b.

      **c.**    No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

      **d.**    Discovery may be governed by a protective order.  If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **December 22, 2023**.  Defense counsel shall take the lead in preparing the proposed protective order. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c).  A pre-approved form protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

      **e.**    The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or

both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

2.     **Motions**

a.     Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel.  The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone.  The court will typically grant the request and contact the parties to arrange the conference within a few days.  The court will inform the parties whether any additional information should be submitted or filed in advance of this conference.  Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.**

3

    **b.**    To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

    **c.**    Page limitations for principal briefs, responses and replies must comply with D. Kan. Rule 7.1.

**3.**    **Pretrial Conference, Trial, and Other Matters.**

    **a.**    Defendants will research the status of a motion for restraining order Plaintiff alleges was given to El Dorado Correctional Facility employees for filing with the court but was never filed. Defendants will file a status report by **December 18, 2023**, regarding this issue.

    **b.**    A status conference is scheduled for **February 20, 2024, at 1:00 p.m.** via Zoom.

    **c.**    If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

    *http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

    **d.**    This scheduling order will not be modified except by leave of court upon a showing of good cause.

    IT IS SO ORDERED.

    Dated December 4, 2023, at Wichita, Kansas.

                                        s/ Gwynne E. Birzer
_____
GWYNNE E. BIRZER
U.S. Magistrate Judge

| SUMMARY OF PHASE I DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **12/22/23** |
| All written discovery completed | **2/14/24** |
| Status report due from Defendants | **12/18/23** |
| Status conference | **2/20/24** <br> **@ 1:00 p.m. via Zoom** |
| Trial @ TBD; ETT: TBD days | **TBD** |