IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUSTIN C. BROWNLEE,

    Plaintiff,

    v.

BRETT CORBY,
et al.,

    Defendants.

Case No. 20-3122-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiff Gustin Brownlee, a prisoner proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action against Defendants Brett Corby, Eyman Dowling, and Alex McCollough. He alleges that Corby and Dowling were deliberately indifferent to his serious medical needs following an automobile accident on May 23, 2018, while he was being transported from El Dorado Correctional Facility ("EDCF") to an outside medical appointment. Plaintiff also alleges that McCollough aggravated Plaintiff's pain and injuries by using excessive force immediately after the accident.

Before the Court are Plaintiff's "Motion for Relief" (Doc. 92) and "Supplement Motion for Relief" (Doc. 119), which both seek a temporary restraining order ("TRO") and/or a preliminary injunction. The first motion for relief is fully briefed. Plaintiff's supplemental motion was recently filed, and Defendants' response time has not yet run. Nevertheless, the Court finds it appropriate to rule on both motions as Plaintiff is not entitled to relief. For the reasons stated below, the Court denies Plaintiff's motions.

**I.**     **Factual and Procedural Background**

In 2020, Plaintiff filed this suit asserting a § 1983 claim against three Defendants based on allegations arising from an automobile accident on May 23, 2018. On November 30, 2023,

Plaintiff filed a document entitled "Motion for Relief." In this motion, Plaintiff states that Defendant McCollough is the "overseer of all disciplinary hearing officers at EDCF."[1] Plaintiff claims that McCollough and other hearing officers are violating disciplinary procedures. He alleges that on November 1, 2023, he requested to be placed "on protective custody against McCullough" and a hearing officer.[2] Plaintiff states that he seeks a TRO, and his specific request is that the Court "have [him] removed from EDCF to [Lansing Correctional Facility.]"[3] Defendants respond that Plaintiff's motion should be denied because it is not related to the claims in the case. Plaintiff did not file a reply.

On April 2, 2024, Plaintiff filed a document entitled "Supplement Motion for Relief." In this document, he seeks a TRO or preliminary injunction against the Warden/Acting Warden and several jail staff of Lansing Correctional Facility.[4] He broadly alleges constitutional violations related to: (1) a 12-step program that inmates must do if they may be involved with drugs; (2) denial of access to the law library and legal paperwork; (3) cruel and unusual punishment related to being allowed outside without appropriate attire in cold weather; and (4) denial of access to religious materials. He requests that the Court "order [Kansas Department of Corrections] staff to end the 12 step program because it is violating the right of plaintiff and other inmate[s]" and requests the "return [of] all legal mail."[5] The time has not run for a response to be filed to this motion. The Court notes, however, that none of the allegations in Plaintiff's motion relate to any of the defendants in this case.

---

[1] Doc. 92. at 1.

[2] *Id.* The Court is unclear on what Plaintiff seeks here.

[3] *Id.* at 2.

[4] The docket indicates that Plaintiff's address changed to Lansing Correctional Facility on January 17, 2024. Doc. 110

[5] Doc. 119 at 4.

**II.     Legal Standard**

The same standard is applicable to both a motion for TRO and a motion for preliminary injunction.[6]  A movant must demonstrate four factors to obtain relief: (1) the movant is likely to succeed on the merits; (2) the movant is likely to suffer irreparable injury if the relief is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction is in the public interest.[7]  "[B]ecause a preliminary injunction in an extraordinary remedy, the movant's right to relief must be clear and unequivocal."[8]

In addition, a TRO simply "preserves the status quo pending a determination of a preliminary injunction."[9]  And "the limited purpose of a preliminary injunction 'is merely to preserve the relative positions of the parties until a trial on the merits can be held.'"[10]  Thus, granting a TRO or preliminary injunction is only appropriate when the intermediate relief is of the same character as the final relief that may be granted.[11]  If the requests in the TRO or preliminary injunction do not relate to the claims asserted in the case, granting a TRO or preliminary injunction is inappropriate.[12]

---

[6] *Rangel-Lopez v. Cox*, 344 F. Supp. 3d 1285, 1289 (D. Kan. 2018) (citing *Sac & Fox Nation of Mo. v. LaFaver*, 905 F. Supp. 904, 907 (D. Kan. 1995)).

[7] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Beltronics USA, Inc. v. Midwest Inventory Distr., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

[8] *Beltronics USA*, 562 F.3d at 1070 (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

[9] *Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (citing Fed. R. Civ. P. 65(b)).

[10] *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (quoting *Univ. of Tex. V. Camenisch*, 451 U.S. 390, 395 (1981)).

[11] *Hicks*, 332 F. App'x at 508 (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

[12] *Id.* (noting that the "the request for a preliminary injunction/TRO . . . bore no relation to the merits of the . . . claim," and thus, the district court did not err in denying either the TRO/preliminary injunction).

**III.    Discussion**

The Court has reviewed Plaintiff's requests in both motions and finds that they must be denied.  First, Plaintiff does not address the TRO or preliminary injunction standards.  In addition, Plaintiff's requests for relief are not related to the facts in this case.  As to Plaintiff's first motion, although he references one of the defendants in this case—McCollough—Plaintiff's request for relief has nothing to do with the automobile accident and constitutional claims in this case.  Instead, Plaintiff complains about disciplinary procedures in EDCF.  Thus, his request for a TRO is denied.[13]

As to Plaintiff's recently filed supplemental motion, Plaintiff's request for relief is also not related to the facts in this case.  Instead, Plaintiff requests relief for alleged events occurring at Lansing Correctional Facility.  Accordingly, the Court also denies Plaintiff's supplemental motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Relief (Doc. 92) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Supplement Motion for Relief (Doc. 119) is **denied**.

**IT IS SO ORDERED.**

Dated: April 8, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[13] The Court also notes that the docket indicates that Plaintiff is no longer incarcerated at EDCF, but he is instead housed at Lansing Correctional Facility.