UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| GUSTIN C. BROWNLEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  20-3122-JAR-GEB |
| | ) |
| BRETT CORBY, et al., | ) |
| | ) |
| Defendants. | ) |

**PRETRIAL ORDER**

On **November 1, 2024**, U.S. Magistrate Judge Gwynne E. Birzer conducted a pretrial conference in this case by videoconference. Plaintiff Gustin Brownlee appeared in person, *pro se*. Defendants Corby, McCollough, and Dowling appeared through counsel Tracy Hayes.

This pretrial order supersedes all pleadings and controls the subsequent course of this case. It will not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice. *See* Fed. R. Civ. P. 16(d) & (e); D. Kan. Rule 16.2(a).

1. **PRELIMINARY MATTERS.**

    a. **Subject-Matter Jurisdiction.** Subject-matter jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1343 and is not disputed.

    b. **Personal Jurisdiction.** The court's personal jurisdiction over the parties is not disputed.

    c. **Venue.** Venue in this court is not disputed.

    **d.**    **Governing Law.** Subject to the court's determination of the law that applies to the case, the parties believe and agree that the substantive issues in this case are governed by the following law: Kansas law, including but not limited to the KDOC Grievance Procedure for Inmates is set forth in K.A.R. § 44-15 101 *et seq.*; 44-15-101a., 44-15-101b, 44-15-102, 44-15-104, 44-15-105, 44-15-201 and also K.S.A. 75-2949; and federal law, including but not limited to 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1988 and 42 U.S.C. § 1997e.

**2.**    **STIPULATIONS.**

    **a.**    The following facts are stipulated:

        **i.**    On May 23, 2018, Plaintiff was incarcerated at El Dorado Correctional Facility ("EDCF").

        **ii.**    In Defendant Dowling's Incident Report while stripping Plaintiff out, he noticed him moving abnormally.

        **iii.**    While being transported from EDCF to an outside medical appointment by Defendants Dowling and Corby, the transport vehicle was involved in an automobile accident.

    **b.**    The parties have stipulated to the admissibility of the following exhibits for purposes of summary judgment:

        **i.**    Plaintiff's medical records produced during discovery;

        **ii.**    Defendants' McCollough, Corby and Dowling KDOC files produced during discovery, including but not limited to Incident Reports and written Reports;

        **iii.**    Plaintiff's KDOC file produced during discovery, including but not limited to Incident Reports and grievances;

        **iv.**    Dr. Harrod's affidavit

3.   **FACTUAL CONTENTIONS.**

    a.   **Plaintiff(s)' Factual Contentions.**

Plaintiff has filed suit truthfully claiming that Defendants Corby, Dowling, and McCollough, were deliberately indifferent to his serious medical needs following an automobile accident on May 23, 2018. Plaintiff was refused medical care treatment and assistance at the collision scene because Defendants Dowling, Corby, and McCollough denied Plaintiff had a serious medical need after the accident. Defendant Dowling accused Plaintiff of acting like he couldn't move his legs due to his back hurting. Plaintiff has truthfully claimed that Defendant McCollough used excessive force after the accident on May 23, 2018. Plaintiff has truthfully claimed that he exhausted his administrative remedies prior to filing suit against the Defendants and that KDOC staff members violated and misapplied their own rules, policy, and procedure.

    b.   **Defendant(s)' Factual Contentions.**

Defendants Corby, Dowling, and McCollough deny they were deliberately indifferent to Plaintiff's serious medical needs following an automobile accident on May 23, 2018. Defendants deny Plaintiff had a serious medical need after the accident on May 23, 2018. Defendant McCollough denies he used excessive force after the accident on May 23, 2018. Defendants deny that Plaintiff has exhausted his administrative remedies prior to filing suit against the Defendants.

4.   **LEGAL CLAIMS AND DEFENSES.**

    a.   **Plaintiff(s)' Claims.**

Plaintiff asserts that he is entitled to recover upon the following theory:

    **i.**    Against Defendants Dowling and Corby for violations of the Eighth and Fourteenth Amendment for intentionally denying and delaying proper medical care, treatment and assistance;

    **ii.**    Against Defendant McCollough for violations of Plaintiff's rights prohibiting cruel and unusual punishment under the Eighth Amendment by using excessive force and intentionally denying and delaying proper medical care

**b.**    **Defendant(s)' Defenses.**

Defendant asserts the following defenses:

    **i.**    Plaintiff has failed to exhaust his administrative remedies under the PLRA;

    **ii.**    Plaintiff did not have a serious medical need;

    **iii.**    Plaintiff cannot prove deliberate indifference, either the subjective or objective component, against any of the named defendants;

    **iv.**    Defendants are entitled to Qualified Immunity;

    **v.**    Defendants are entitled to Official Immunity;

    **vi.**    Plaintiff's damages, if any, were the result of intervening or superseding causes;

    **vii.**    Defendants' actions were objectively reasonable in light of the facts and circumstances in this case;

    **viii.**    In the event Plaintiff is entitled to or is awarded any damages, he is not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C § 1997(e);

    **ix.**    Defendants deny that Plaintiff has suffered any cognizable injuries or damages as a result of any acts or omissions on the part of these Defendants;

    **x.**    Plaintiff is not entitled to any relief under 42 U.S.C § 1983, Eighth or Fourteenth Amendment of the United States Constitution

5.   **DAMAGES AND NON-MONETARY RELIEF REQUESTED.**

Plaintiff is seeking $250,000 in compensatory damages from each defendant for mental and emotional injury, pain, and suffering; nominal damages; $250,000 in punitive damages from each defendant; and filing fees.

If Defendants prevail, Defendants are requesting attorney fees and costs pursuant to 42 U.S.C. § 1988.

6.   **AMENDMENTS TO PLEADINGS.**

None.

7.   **DISCOVERY.**

Under the scheduling order and any amendments, all discovery was to have been completed by August 16, 2024.  Discovery is complete.

Unopposed discovery may continue after the deadline to complete discovery so long as it does not delay briefing or ruling on dispositive motions or other pretrial preparations. Although discovery may be conducted beyond the deadline to complete discovery if all parties agree to do so, under these circumstances the court will not be available to resolve any disputes that arise during the course of such extended discovery.

8.   **MOTIONS.**

    a.   **Pending Motions.**

None.

    b.   **Additional Pretrial Motions.**

After the pretrial conference, the parties intend to file the following motions:

        1.  Defendants intend to file a dispositive motion;

5

       2. Defendants intend to file necessary motions in limine;

The dispositive-motion deadline, as established in the scheduling order and any amendments, is **November 22, 2024**. The parties should follow the summary-judgment guidelines on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

Principal briefs in support of, or in response to, summary judgment motions must not exceed 40 pages and replies must not exceed 15 pages. *See* D. KAN. RULE 7.1(d)(2). Any motion to exceed these page limits or for an extension of briefing deadlines must be filed at least three days before the brief's filing deadline. *See* D. KAN. RULE 6.1(a), 7.1(d)(4).

    **c.**    **Motions Regarding Expert Testimony.** Parties do not intend to file motions pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law.

**9.**    **TRIAL.**

The Court will set a trial date after ruling on all dispositive motions. If no dispositive motions are timely filed, or if the case remains at issue after timely dispositive motions have been decided, then the trial judge may enter an order or convene another pretrial conference to set deadlines for filing final witness and exhibit disclosures, exchanging and marking trial exhibits, designating deposition testimony for presentation at trial, motions in limine, proposed instructions in jury trials, and proposed findings of fact and conclusions of law in bench trials.

**10.   ALTERNATIVE DISPUTE RESOLUTION (ADR).**

The status of settlement negotiations is as follows: no settlement discussions have occurred to date. The parties currently believe the prospects for settlement of this case are poor and they do not believe that further court-ordered ADR would be helpful.

The parties are reminded that, under D. Kan. Rule 40.3, they must immediately notify the court if they reach an agreement that resolves the litigation as to any or all parties. Jury costs may be assessed under this rule if the parties do not provide notice of settlement to the court's jury coordinator at least one full business day before the scheduled trial date.

**IT IS SO ORDERED.**

Dated November 1, 2024, at Wichita, Kansas.

s/Gwynne E. Birzer
Gwynne E. Birzer
U. S. Magistrate Judge