## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GUSTIN C. BROWNLEE,

    Plaintiff,

    v.

BRETT CORBY, et al.,

    Defendants.

Case No. 20-3122-JAR

## MEMORANDUM AND ORDER

Plaintiff Gustin Brownlee, a prisoner who proceeds pro se, filed this action under 42 U.S.C. § 1983 against correctional officers Brett Corby, Eyman Dowling, and Alex McCollough ("the Officer Defendants"), who are all officers at El Dorado Correctional Facility ("EDCF"). Brownlee brings against Corby and Dowling a claim of deliberate indifference to his medical needs, and against McCollough, he brings a claim of excessive force. Before the Court is the Officer Defendants' Motion for Summary Judgment (Doc. 142). Brownlee has not responded, and the time to do so has passed. For the reasons explained below, the Court grants summary judgment for the Officer Defendants.

### I. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[1] In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[2] "There is no genuine issue of material fact

---

[1] Fed. R. Civ. P. 56(a); *see also Grynberg v. Total*, 538 F.3d 1336, 1346 (10th Cir. 2008).

[2] *City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party."[3] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[4] An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."[5]

When the nonmoving party will bear the burden of persuasion at trial, the moving party initially must show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[6] Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[7] The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[8] Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[9] To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript[,] or a specific exhibit incorporated therein."[10] The nonmoving party cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation.[11]

---

[3] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[4] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 670 (10th Cir. 1998)).

[5] *Thomas v. Metro. Life Ins.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

[6] *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

[7] *Anderson*, 477 U.S. at 256.

[8] *Id.*; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

[9] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671).

[10] *Adams v. Am. Guar. & Liab. Ins.*, 233 F.3d 1242, 1246 (10th Cir. 2000).

[11] *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).

Where, on the other hand, the movant seeks summary judgment on its own affirmative defense—on which it will bear the burden of persuasion at trial—the defendant must "demonstrate that no disputed material fact exists regarding the affirmative defense asserted."[12] And that showing must be sufficient to "entitle [the movant] to a directed verdict if not controverted" at trial.[13] Once the defendant makes this initial showing, "the plaintiff must then demonstrate with specificity the existence of a disputed material fact."[14] If the plaintiff cannot meet this burden, "the affirmative defense bars [her] claim, and the defendant is then entitled to summary judgment as a matter of law."[15]

Summary judgment is not a "disfavored procedural shortcut"; on the contrary, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'"[16] In responding to a motion for summary judgment, "a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial."[17]

## II. Brownlee's Failure to Respond

Brownlee sought two extensions of time to respond to the Officer Defendants' motion for summary judgment. The Court granted him over four additional months—through April 14,

---

[12] *Estrada v. Smart*, 107 F.4th 1254, 1261 (10th Cir. 2024) (quoting *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997)).

[13] *Brown v. Perez*, 835 F.3d 1223, 1231 (10th Cir. 2016); *see also* 11 Jeffrey W. Stempel and Steven S. Gensler, *Moore's Federal Practice* § 56.40 (3d ed. 2018) ("When the movant bears the burden of persuasion at trial, the movant must produce evidence that would conclusively support its right to a judgment after trial *should the nonmovant fail to rebut the evidence*." (emphasis added)); *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015) (noting that party's showing "must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party").

[14] *Hutchinson*, 105 F.3d at 564.

[15] *Id.*

[16] *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

[17] *Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir. 1988).

2025—to file his response.[18] In each motion for an extension of time, Brownlee represented that he needed additional time to respond because Lansing Correctional Facility ("LCF") officials had taken his legal materials. The Court granted the first motion.[19] But before granting the second motion, which the Officer Defendants did not contest,[20] the Court instructed the Officer Defendants to address Brownlee's allegation that LCF officials had taken his legal materials.[21] The Officer Defendants submitted an affidavit from a Department of Corrections official who maintains prisoner's property in LCF custody.[22] That affidavit represented that LCF has no record of LCF staff taking Brownlee's legal materials and did not have possession of any of the legal materials.[23] Now, even after the Court granted both extensions of time, Brownlee still has not responded to the Officer Defendants' summary-judgment motion.

Pro se litigants must follow rules of procedure, including local rules.[24] Under D. Kan. Rule 7.1(c), the Court is permitted to grant a motion as uncontested when no responsive brief or memorandum is filed. But this standard is modified in the context of a motion for summary judgment: "It is improper to grant a motion for . . . summary judgment simply because it is unopposed."[25] Under Fed. R. Civ. P. 56(e), the Court may deem a fact undisputed where the nonmoving party fails to address it.[26] The rule also permits the Court to grant summary

---

[18] Docs. 145, 149.

[19] Doc. 145.

[20] Doc. 148 ¶ 6.

[21] Doc. 147.

[22] Doc. 148-1.

[23] *Id.* ¶¶ 6–8.

[24] *Smith v. Jones*, 606 F. App'x 899, 901 (10th Cir. 2015); *Smith v. Hollinghead*, No. 20-3179-SAC, 2022 WL 2355401, at *2 (D. Kan. June 30, 2022).

[25] *Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006) (quoting *EEOC v. Lady Baltimore Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986)).

[26] Fed. R. Civ. P. 56(e)(2).

judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."[27] Under Rule 56(e)(2), the Court will deem undisputed the facts presented in the Officer Defendants' summary judgment brief, to the extent they are supported by the record.[28]

## III. Uncontroverted Facts

Brownlee failed to respond to the Officer Defendants' summary-judgment motion, so the Court deems uncontroverted the Officer Defendants' factual assertions that are supported by the record.[29] With that in mind, the following facts are uncontroverted or viewed in the light most favorable to Plaintiff as the nonmoving party.

Brownlee is an inmate at EDCF. In 2018, two EDCF officers—Dowling and Corby—transported Brownlee by van to a medical appointment off EDCF's campus. And on the way to that appointment, the van collided with another vehicle. Following the accident, Dowling and Corby checked on Brownlee and saw no injuries so severe that they required immediate emergency medical help or transport to an emergency room. So Corby called back to EDCF for instruction. He was instructed to wait for a transport van that would bring Brownlee back to EDCF, where medical staff would receive and treat him. Officer McCollough arrived with the transport van and returned Brownlee to EDCF.

Back at the EDCF infirmary, a doctor examined Brownlee. The doctor concluded that Brownlee did not require emergency or other medical care that EDCF could not provide. But

---

[27] Fed. R. Civ. P. 56(e)(3).

[28] Though the Officer Defendants did not file, as required by D. Kan. Rule 56.1(d), a notice to a pro se litigant opposing summary judgment, the Court nevertheless retains authority to deem admitted those facts that the nonmovant does not controvert. *See* D. Kan. Rule 56.1(a); Fed. R. Civ. P. 56(e).

[29] *See Anderson v. United Parcel Serv., Inc.*, No. 09-2526, 2011 WL 4048795, at *1 n.1 (D. Kan. Sept. 13, 2011) (accepting as true facts that "are adequately supported by record evidence" (citing *Williams v. Potter*, 331 F. Supp. 2d 1331, 1336 (D. Kan. 2004))).

Brownlee did complain of lower back pain, so the doctor placed Brownlee in the infirmary to observe him and manage his pain. He gave him an anti-inflammatory injection and muscle relaxants.

Unhappy with the Officers' indifference to his pain at the accident scene, Brownlee filed a grievance against the Officers. He protested that Dowling and Corby were deliberately indifferent to his medical needs and that McCollough used excessive force while assisting Brownlee into and out of the transport van. At first, Brownlee followed the grievance procedures promulgated by the Kansas Department of Corrections ("KDOC"). He first attempted informal resolution with staff,[30] and then having received no response, he next filed a formal grievance with his EDCF team member.[31] Again receiving no response, Brownlee traveled further up the hierarchy to the warden—but this time he sent a "special procedures" letter instead of following the regular inmate grievance procedure.[32] And facing silence from the warden, Brownlee then brought his case to the Secretary of Corrections. Once again, he submitted a "Special Kind of Problems" claim to the Secretary; he did not file through the regular grievance procedure. The Secretary responded that Brownlee's request did not qualify for treatment as a "Special Kind of Problem" grievance and that he should pursue the "inmate grievance procedure" available to him. Brownlee then filed this suit.

## IV. Discussion

The Prison Litigation Reform Act (the "PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

---

[30] *See* Doc. 25-1 at 8–9.

[31] *See id.* at 10.

[32] *See id.* at 14.

6

exhausted."[33]  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[34]  Failure to exhaust is an affirmative defense; therefore, Defendants bear the burden of pleading it and demonstrating that it applies.[35]

"[A]n inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure."[36]  And even though the inmate begins the grievance procedure, if he does not complete it, he is barred from pursuing relief under § 1983.[37]  The exhaustion requirement is not left to the district court's discretion but rather is mandatory, with one qualifier—the administrative "remedies must indeed be 'available' to the prisoner."[38]  "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy unavailable and a court will excuse the prisoner's failure to exhaust."[39]

The Kansas Department of Corrections has a four-part grievance system that applies to § 1983 claims, contained in Article 15 of Chapter 44 of the Kansas Administrative Regulations.[40]  That system calls for the prisoner to take four sequential steps: (1) seek informal resolution with

---

[33] 42 U.S.C. § 1997e(a).

[34] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

[35] *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Freeman v. Watkins*, 479 F.3d 1257, 1259–60 (10th Cir. 2007).

[36] *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).

[37] *Id.* (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).

[38] *Ross v. Blake*, 578 U.S. 632, 639 (2016).

[39] *Lindsey v. Cook*, No. 19-03094, 2021 WL 483855, at *2 (D. Kan. Feb. 4, 2021) (quoting *Gray v. Sorrels*, 818 F. App'x 787, 789 (10th Cir. 2020)).

[40] Though the Department offers two avenues for prisoners to express grievances—one under Article 15, another under Article 16—a prisoner bringing a § 1983 claim must have exhausted at least the Article 15 grievance procedure.  *Lynn v. Willnauer*, No. 19-3117, 2023 WL 3568662, at *8–10 (D. Kan. May 19, 2023) (finding that prisoner's § 1983 claim failed because he failed to exhaust remedies under Article 15); *see also Rigney v. Trapp*, No. 20-3106, 2021 WL 5833932, at *4 (D. Kan. Dec. 9, 2021).

7

prison personnel, (2) submit a grievance with the appropriate team member, (3) submit the grievance with the warden, and (4) submit the grievance with the Secretary of Corrections.[41] At any stage, if the prisoner does not receive a "timely response,"[42] then he may "move to the next stage of the grievance procedure," unless the prisoner and recipient have agreed to extend the time to respond.[43]

The uncontroverted facts here demonstrate that Brownlee did not complete those required steps. Although Brownlee completed the first three steps, Brownlee never followed through to the end—he did not submit the grievance to the Secretary of Corrections as required by K.A.R. § 44-15-101(d)(3). And by not completing the final step of the grievance process, Brownlee failed to exhaust the remedies available to him under Article 15.[44]

Instead of completing the process, Brownlee turned to a different grievance procedure—a "Special Kinds of Problem" claim under K.A.R. § 44-15-201. Under KAR § 44-15-201, an inmate can "bring a problem to the attention of a higher authority without going through the grievance procedure." If this provision applies, the inmate is permitted to address the document in official mail to the warden, the Kansas Secretary of Corrections, or the state pardon attorney. This procedure is "reserved for the most difficult and complex problems. Generally, any matter that can be internally handled under the inmate grievance procedure shall not be considered as appropriate for the use of the official mail correspondence privilege."[45] The regulation allows an

---

[41] K.A.R. § 44-15-101(a) to (c).

[42] A response is timely if made within ten days of the grievance's filing. *See id.* § 44-15-102(a) to (b).

[43] *Id.* § 44-15-101b.

[44] *See Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . ." (alteration in original) (internal quotation marks omitted) (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002))).

[45] K.A.R. § 44-15-201(a).

official "who receives a complaint letter [to] return it to the inmate with instructions . . . to make use of and follow the proper grievance procedure if, in the opinion of the official, the matter is appropriate for handling through the grievance procedure."[46]

But submitting a "Special Kinds of Problems" claim does not exhaust the grievance procedure under K.A.R. § 44-15-101 when "the Secretary determined that the grievance was not appropriate for special problems treatment."[47] And here the Secretary made that determination: "the matters raised in your letter do not constitute difficult or complex problems justifying treating them as special problems. Instead, the matters raised are the type, which may be handled internally under the inmate grievance procedure."[48] So even though Brownlee submitted a "Special Kinds of Problems" claim, he still failed to exhaust the remedies available under § 44-15-101. By failing to submit the grievance to the Secretary as required by § 44-15-101, he failed to exhaust all remedies available to him.

The uncontroverted facts therefore demonstrate that Brownlee failed to exhaust his administrative remedies before bringing his § 1983 claim. The Officer Defendants have therefore shown that they are entitled to summary judgment on their affirmative defense.

**IT IS THEREFORE ORDERED BY THE COURT** that the Officer Defendants' Motion for Summary Judgment (Doc. 142) is **granted**.

**IT IS SO ORDERED.**

Dated: May 8, 2025

---

[46] *Id.* § 44-15-201(b).

[47] *Chambers v. Roberts*, No. 13-3195, 2013 WL 6670521, at *6 (D. Kan. 18, 2013); *see also Brown v. Schnurr*, No. 21-3105, 2022 WL 3646248, at *6 (D. Kan. Aug. 24, 2022) (finding that submitting a "Special Kinds of Problems" claim did not exhaust the §44-15-101 process).

[48] Doc. 143-7 at 3.

9

S/ Julie A. Robinson<br>
JULIE A. ROBINSON<br>
UNITED STATES DISTRICT JUDGE