IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| GUSTIN C. BROWNLEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-cv-03122-JAR-GEB |
| | ) |
| BRETT CORBY, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT [DOC. 152]**

COME NOW Defendants and provide the following response in opposition to Plaintiff's Motion to Alter or Amend Judgment [Doc. 152]:

1. On May 8, 2025, the Court entered Judgment in favor of Defendants based on the grant of Defendants' Motion for Summary Judgment. *See* Docs. 150-151.

2. On June 16, 2025, almost 40 days after the judgment was entered, Plaintiff filed the instant motion which has been titled "Motion to Alter or Amend Judgment." *See* Doc. 152.

3. Nowhere in the motion does Plaintiff cite the legal basis for which he is seeking to have the Judgment altered or amended; instead, he argues he did not receive a number of pleadings: his own Motion for Extension [Doc. 146], the Court's docket entry Order expediting briefing deadlines for the Motion for Extension [Doc. 147], the Defendants' Response to the Motion for Extension [Doc. 148], and the Court's Docket entry Order extending Plaintiff's deadline [Doc. 149].

4. The pleadings referenced in Plaintiff's Motion all related to Plaintiff's untimely request for an extension to respond to the Motion for Summary Judgment. As noted in Defendants' response to the Motion, the motion for extension was filed 47 days after the deadline to respond

had expired.

5.      Further, the last pleading at issue --- Document 149, the Court's grant of the Motion for Extension --- was entered on March 17, 2025. Plaintiff failed to file any pleadings related to the requested extension from March 5, 2025, when the initial motion for extension was filed, through June 16, 2025, when the instant motion was filed. *See Docket*.

6.      In the instant Motion, Plaintiff alleges that LCF Officials have withheld his legal materials and that he has not had access to the law library. *See* Doc. 152.

7.      Sandra Elliott, the Property Claim, Grievance and Disciplinary Administrator CM II at Lansing Correctional Center has reviewed the computer systems and materials related to resident property files and has not located any claims by Plaintiff related to loss property/legal documents. *See* Exhibit A, Declaration of Sandra Elliott.

8.      Further, John Stiffin, the Public Services Administrator at Lansing Correctional Facility, who is responsible for the operations of the law library, denies that Plaintiff has been denied access to legal materials and based on his own personal experience has provided Plaintiff with requested documentation when asked. He also denies receiving any complaints from Plaintiff regarding missing legal documentation. *See* Exhibit B, Declaration of John Stiffin.

9.      In addition, Plaintiff states in his Motion that in applying the summary judgment standard, the "court did not view these and all reasonable inferences therefrom in the light most favorable to the nonmoving party" when granting the Motion for Summary Judgment. *See* Doc. 152, Page 8 of 8; 7 of 8.[1] Pursuant to the Court's Order, Defendants' response to the Motion is due on or before July 8, 2025. Doc. 158.

---

[1] It appears that the pages of Plaintiff's Motion [Doc. 152] may have been filed out of order and/or included pages from a prior draft of the Motion. Based on review by undersigned counsel, it is believed the pages for Document 152 should have been filed in the following order (using the Court's page number system out of 8): 1, 2, 3, 5, 6, 4, 8, 7.

10. In the Court's Memorandum and Order, granting Defendants' Motion for Summary Judgment, the Court specifically states that it is reviewing "the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party." Doc. 150, p. 1. The Court also noted that "The nonmoving party cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." Doc. 150, p. 2.

11. Further, as the grant of judgment was based on an affirmative defense, as noted by the Court "the plaintiff must then demonstrate with specificity the existence of a disputed material fact." Doc. 150, p. 3.

12. As an initial matter, Rule 59(e) of the Federal Rules of Civil Procedure regarding amending or altering a judgment states as follows: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

13. The Judgment in this matter was entered on May 8, 2025 [Doc. 151]. Plaintiff's Motion to Alter or Amend the Judgment was filed on June 16, 2025 [Doc. 152], almost 40 days after the judgment was entered. Therefore, Plaintiff's Motion should be denied as untimely.

14. To the extent the Court treats the Motion as one under Rule 60 of the Federal Rules of Civil Procedure, the Motion should be denied as Plaintiff has failed to show he is entitled to relief under Rule 60.

15. Rule 60(b) states the following:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

16. In his Motion, Plaintiff makes no reference to any of the factors to be considered under Rule 60(b). The closest he comes is under Rule 60(b)(3) related to fraud; however, Rule 60(b)(3) requires fraud, misrepresentation, or misconduct *by an opposing party*. None of the named Defendants are referenced in Plaintiff's Motion as having any involvement related to his alleged missing paperwork or access to the library.

17. Relief under Rule 60(b) is extraordinary and is available only in exceptional circumstances. *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1153 (10th Cir. 2007). Plaintiff has not argued any "exceptional circumstances" in his Motion that warrant relief and his Motion should be denied.

WHEREFORE, based on the above and foregoing, Defendants request an Order from this Court denying Plaintiff's Motion to Alter or Amend Judgment.

Respectfully Submitted,

/s/ Tracy M. Hayes
Tracy M. Hayes    KS #23119
SANDERS WARREN & RUSSELL LLP
11225 College Blvd., Suite 450
Overland Park, KS  66210
Tel:   913.234.6100
Fax:   913.234.6199
t.hayes@swrllp.com
**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 7th day of July, 2025, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I hereby further certify a copy of the foregoing was sent via U.S. Mail postage prepaid to the following:

Gustin C. Brownlee #73693
Lansing Correctional Facility
P.O. Box 2
Lansing, KS 66043
**Plaintiff, Pro Se**

                                                             /s/ *Tracy M. Hayes*
                                                             **Attorney**