IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUSTIN C. BROWNLEE,

    Plaintiff,

    v.

BRETT CORBY, et al.,

    Defendants.

Case No. 20-3122-JAR

## MEMORANDUM AND ORDER

Plaintiff Gustin Brownlee, a prisoner who proceeds pro se, filed this action under 42 U.S.C. § 1983 against Brett Corby, Eyman Dowling, and Alex McCollough, who are all officers at El Dorado Correctional Facility ("EDCF"), asserting claims of deliberate indifference to his medical needs against Corby and Dowling, and excessive force against McCollough. On May 8, 2025, the Court granted Defendants' Motion for Summary Judgment.[1] Before the Court are Plaintiff's Motion to Alter or Amend Judgment (Doc. 152) and Application for Clerks Entry of Default (Doc. 160). The motion to alter or amend is fully briefed, and the Court is prepared to rule. For the reasons stated below, Plaintiff's motion to alter or amend is denied. The Court also denies Plaintiff's request for a clerk's entry of default because judgment has already been entered in favor of Defendants.

## I.    Standards

A motion to alter or amend under Fed. R. Civ. P. 59(e) gives the Court an opportunity "to rectify its own mistakes in the period immediately following" a ruling.[2] A motion under Rule

---

[1] Doc. 150.

[2] *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).

59(e) must be filed no more than 28 days after judgment.³ Plaintiff filed his motion 40 days after judgment was entered—well past the deadline for a motion to alter or amend—so he may not obtain relief under this rule.

Rule 60(b) provides that the Court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.⁴

A motion brought under Rule 60(b), "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."⁵ Rule 60(b) does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.⁶ And relief under this rule "is extraordinary and may only be granted in exceptional circumstances."⁷

---

³ Fed. R. Civ. P. 59(e). Although the Court generally may extend deadlines on a showing of good cause, under Fed. R. Civ. P. 6(b)(2), it cannot extend the deadline to file a motion to alter or amend under Rule 59(e) or a motion to vacate judgment under Rule 60(b).

⁴ Fed. R. Civ. P. 60(b).

⁵ Fed. R. Civ. P. 60(c)(1).

⁶ *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

⁷ *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete*, 204 F.3d at 1009).

The Court has discretion when granting a motion for relief from an order or judgment under Rule 60(b).[8] Because Plaintiff's motion is timely under Rule 60(b), the Court considers Plaintiff's motion to alter or amend under that rule below.

## II.     Discussion

Plaintiff sought two extensions of time to respond to Defendants' motion for summary judgment. The Court granted him a total of over four additional months to file his response.[9] In each motion for extension of time, Plaintiff represented that he needed additional time because officials at Lansing Correctional Facility ("LCF"), where he was and is incarcerated, had taken his legal materials. The Court granted the first motion, which was filed before his original response deadline elapsed.[10] The second motion was filed well past the deadline for doing so and, again, claimed that LCF officials withheld Plaintiff's legal materials and interfered with his ability to use the law library.[11] Before granting Plaintiff's second motion, the Court instructed Defendants to address Plaintiff's allegation that LCF officials had taken his legal materials.[12] Defendants submitted an affidavit from a Department of Corrections official who maintains prisoners' property at LCF, representing that LCF has no record of LCF staff taking Plaintiff's legal materials, and that it did not have possession of any of the legal materials.[13] Notwithstanding Plaintiff's failure to timely seek an extension of time, or the fact that LCF

---

[8] *FDIC v. United Pac. Ins.*, 152 F.3d 1266, 1272 (10th Cir. 1998).

[9] Docs. 145, 149.

[10] Doc. 145.

[11] *See* Doc. 145 (order providing January 17, 2025 response deadline); Doc. 146 (March 5, 2025 motion for extension of time).

[12] Doc. 147.

[13] Doc. 148-1 ¶¶ 6–8.

officials disputed his claims about taking his legal materials, the Court extended his response deadline to April 14, 2025.

On May 8, 2025, more than three weeks after Plaintiff's response was due, the Court granted Defendants' motion for summary judgment.[14]  First, the Court noted that Plaintiff failed to respond.  Yet, the Court acknowledged that "[i]t is improper to grant a motion for . . . summary judgment simply because it is unopposed."[15]  Instead, under Fed. R. Civ. P. 56(e)(2), the Court deemed the facts asserted by Defendants undisputed to the extent they were supported by the record.  The Court also viewed the facts in the light most favorable to Plaintiff as the nonmoving party.  The Court then granted summary judgment in favor of Defendants on their affirmative defense of administrative exhaustion.

In the instant motion, Plaintiff asserts that the Court erred in granting summary judgment without the benefit of his response because he did not receive several filings related to his second request for extension of time that preceded the Court's summary judgment Order.  He also argues that prison officials committed fraud on the Court by submitting affidavits misrepresenting that they did not possess his legal materials or withhold law library materials.  Thus, the Court considers whether relief from its May 8 Order is warranted under Rule 60(b).  Liberally construing Plaintiff's motion, as the Court must,[16] he moves for relief under Rule 60(b)(1) based on mistake, inadvertence, surprise, or excusable neglect; under Rule 60(b)(3) based on fraud by the opposing party; and under Rule 60(b)(6)'s residual provision.

---

[14] Doc. 150.

[15] *Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006) (quoting *EEOC v. Lady Balt. Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986)).

[16] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff suggests the Court erred under Rule 60(b)(1) by granting Defendants summary judgment without waiting for him to file his response. But the Court did not err. The Court granted Plaintiff ample additional time to respond each time he requested it, even though his second request was untimely. Before ruling, the Court also asked Defendants to investigate whether Plaintiff indeed lacked access to his legal materials. Defendants submitted evidence that LCF had no record of LCF staff taking Plaintiff's legal materials. Yet, the Court again provided Plaintiff with more than thirty additional days to respond. The Court waited for three weeks past Plaintiff's response deadline before ruling on the motion for summary judgment. And even when the Court ruled, it was careful to consider the facts in the light most favorable to Plaintiff, and to consider the merits of Defendants' motion notwithstanding Plaintiff's failure to respond. There was no error in the Court's decision to rule when it did.

Next, Plaintiff alleges fraud by the opposing party because LCF officials misrepresented that they did not confiscate his legal materials or otherwise prevent him from conducting legal research. Under Rule 60(b)(3), Plaintiff "must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation."[17] This requires "'clear and convincing proof' of fraud, misrepresentation, or misconduct.[18] Moreover, 'the challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial.'"[19]

Plaintiff fails to demonstrate fraud under Rule 60(b)(3). First, Plaintiff fails to demonstrate any fraud by an *opposing party*. Defendants are EDCF officials; Plaintiff claims

---

[17] *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Wilkin v. Sunbeam*, 466 F.2d 714, 717 (10th Cir. 1972)).

[18] *Id.* (quoting *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004)).

[19] *Id.* (citations omitted) (first quoting *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004); and then quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins.*, 170 F.3d 985, 993 (10th Cir. 1999)).

fraud by LCF officials who are not named as parties to this suit. Second, Plaintiff fails to meet his burden of substantiating his fraud allegation by clear and convincing proof. Although he submits his own affidavit and exhibit in support of his claim that certain documents were withheld from him when he was in segregated housing, and that he did not receive notice of his summary-judgment response deadline, Plaintiff's evidence is not clear and convincing. Sandra Elliott, the Property Claim, Grievance and Disciplinary Administrator CM II at LCF has reviewed the computer systems and materials related to resident property files and has not located any claims by Plaintiff in November 2024 related to loss property/legal documents, as he originally alleged. John Stiffin, the Public Services Administrator at LCF, who is responsible for the operations of the law library, denies that Plaintiff has been denied access to legal materials and, based on his own personal experience, has provided Plaintiff with the requested documentation when asked. Stiffin also denies receiving any complaints from Plaintiff regarding missing legal documentation.

Perhaps Plaintiff seeks relief under Rule 60(b)(6), "any other reason that justifies relief." The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case."[20] But the rule applies "only in extraordinary circumstances and only when necessary to accomplish justice."[21] Such extraordinary circumstances have been found to apply where "after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable."[22] The Court does not find that Plaintiff has made a showing of extraordinary circumstances that justify relief under this provision.

---

[20] *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)).

[21] *Id.* (quoting *Cashner*, 98 F.3d at 579).

[22] *Id.* at 687–88 (quoting *Cashner*, 98 F.3d at 579).

While Plaintiff submits exhibits showing that he filed Kansas Department of Corrections grievances to investigate his missing documents on May 7, 2025, he wholly failed to communicate with the Court between March 5, 2025, when he filed an untimely motion for an extension of time, and June 16, 2025, when he filed an untimely motion to alter or amend. Plaintiff had sufficient time to prepare a response to Defendants' summary-judgment motion, but failed to ensure that he either responded, or timely sought an extension of time.  The Court did not err in ruling on the summary-judgment motion when Plaintiff failed to respond, nor has Plaintiff demonstrated that an opposing party committed fraud on the Court, nor has he shown any other extraordinary circumstance that justifies relief under Rule 60(b).  Thus, Plaintiff's motion for relief from judgment is denied.

The Court also denies Plaintiff's application for a clerk's entry of default.  That rule only applies where Defendants have "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."[23]  Defendants pled and defended in this action and judgment has been entered in their favor.  Thus, Plaintiff's request that the Clerk enter default against Defendants is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter or Amend Judgment (Doc. 152) and Application for Clerks Entry of Default (Doc. 160) are **denied**.

**IT IS SO ORDERED.**

Dated: September 4, 2025

                                                            S/ Julie A. Robinson
                                                            JULIE A. ROBINSON
                                                            UNITED STATES DISTRICT JUDGE

---

[23] *See* Fed. R. Civ. P. 55(a).